# FEMINA W. LEYEN and ROBERT LEYEN, Appellants, v. FLOYD DUNN, Appellee.
## —461 S.W.2d 41.

Western Section, at Knoxville.  October 19, 1970.

Certiorari Denied by Supreme Court December 21, 1970.

John D. Lockridge, Knoxville, for appellants.

Hodges, Doughty & Carson, Knoxville, Goddard & Gamble, Maryville, for appellee.

MATHERNE, J. The plaintiff Femina W. Leyen sued for damages due to personal injuries allegedly sustained when the marble facing of a fireplace, installed by the defendant, fell and struck her. The plaintiff Robert Leyen, husband, sued for medical and other expenses, and for loss of services and consortium.

The plaintiffs by separate counts of their respective Declarations charged the defendant with (1) common law negligence; (2) breach of express and implied warranties; (3) breach of contract. The defendant filed a Plea in Abatement to plaintiffs' suits on the ground the suits were instituted more than one year after the alleged negligence, breach of express or implied warranties, and breach of contract.

The Trial Judge sustained the plea in abatement on the ground the suit was barred by T.C.A. sec. 28-304, the one year statute of limitations for damages due to personal injuries.

The plaintiffs appeal claiming the Trial Court erred in sustaining the plea in abatement because: (1) The suits were instituted within one year of date of injury; (2) T.C.A. sec. 28-304 is not applicable, the lawsuits being governed by T.C.A. secs. 28-314, 28-315 and 28-317; (3) The plea in abatement was not timely filed, and should

have been dismissed; (4) The defendant fraudulently concealed the hazarous workmanship and the statute would not begin to run until the fraud was discovered; (5) The count of the declaration based on breach of warranties is governed by the limitation carried in T.C.A. sec. 47-2-725, and not by T.C.A. sec. 28-304. Each of the foregoing assignments of error were set out in plaintiffs' replication to the plea in abatement, and were duly before the Trial Judge who heard the matter without the intervention of a jury.

The facts as stipulated and proved in the Trial Court establish the plaintiffs contracted with the defendant on December 4, 1965 for the defendant to construct a dwelling for the plaintiffs. Controversy arose between the parties and the defendant withdrew from the construction of the dwelling on July 15, 1967, at which time the fireplace had been constructed and the marble facing installed thereon. The marble facing fell and allegedly injured Mrs. Leyen on January 26, 1968. These lawsuits were commenced on November 29, 1968.

We feel the question raised by Assignment of Error II as above noted controls this lawsuit, and a determination of that issue will conclude the other questions presented.

Prior to the 1969 amendment thereto, and at all times material to the issues presented in this lawsuit, T.C.A. sec. 28-304 provided: "Actions * * * for injuries to the person * * *, shall be commenced within one (1) year after cause of action accrued."

The wording of that statute leaves open, and sets up as the determinative question: When does the cause of action accrue? Much litigation has arisen concerning the construction of this statute on the point noted.

As relate to actions for personal injuries based upon common law negligence, breach of warranties, and breach of contract the Judges of our Supreme Court have established the cause of action accrues at the time of the negligent act, or at the time of the breach of contract or warranty, without regard to the fact the resulting personal injury may have occurred at a later date. Albert v. Sherman (1934) 167 Tenn. 133, 67 S.W.2d 140; Jackson v. General Motors Corp. (1969) 223 Tenn. 12, 441 S.W.2d 482.

The foregoing rule which has been followed by our Courts for several years is well stated in the case of Albert v. Sherman, supra:

"As a general rule, the cause of action for a wrongful act, whether negligent or willful, or for the breach of a contract or duty, accrues immediately upon the happening of the wrongful act or the breach, even though the actual damage resulting therefrom may not occur until some time afterwards. The statute therefore begins to run upon the occurrence of the act or breach complained of, and not from the time of the damage resulting therefrom."

The Courts have long recognized this established rule may result in hardships in particular cases, however, "a contrary ruling would be inimical to the repose of society and promote litigation of a character too uncertain and too speculative to be encouraged." Albert v. Sherman, supra; followed in Jackson v. General Motors Corp., supra. The soundness of this reasoning is apparent.

The plaintiffs insist T.C.A. sec. 28-304 is not the controlling statute. Plaintiffs cite as controlling Chapter 353 of the Public Acts of 1965, codified as T.C.A. secs.

28-314 thru 28-318. To our knowledge there is no reported Tennessee case construing this statute.

We copy the pertinent sections of this statute as follows:

"28-314. Actions for defective improvement of real estate—Limitation of action.—All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement. [Acts 1965, ch. 353, sec. 1.]

28-315. Injury during fourth year after completion—Limitation of action. Notwithstanding the provisions of sec. 28-314, in the case of such an injury to property or person or such injury causing wrongful death, which injury occurred during the fourth year after such substantial completion, an action in court to recover damages for such injury or wrongful death shall be brought within one (1) year after the date on which such injury occurred (without respect to the date of death of such injured person), such action shall, in all events, be brought within five (5) years after the substantial completion of such an improvement. [Acts 1965, ch. 353, sec. 2.]

28-316. Periods otherwise fixed not extended—New cause of action not created.—Nothing in secs. 28-314—28-318 shall be construed as extending the period, or periods provided by the laws of Tennessee or by agreement between the parties for the bringing of any action. Nor shall said sections be construed as creating any cause of action not heretofore existing or recognized. Said sections shall not affect rights accrued, liabilities incurred or duties imposed prior to May 5, 1965. [Acts 1965, ch. 353, secs. 3, 6.]''

The issue as cast by the parties in able brief and argument is whether the rule established by the courts in the construction of T.C.A. 28-304 that the cause of action accrues upon the happening of the act, regardless of when injury results, was altered by the Legislature insofar as actions covered by Chapter 353 of the Public Acts of 1965 are concerned? If the rule of construction applicable to T.C.A. sec. 28-304 is controlling, the present suits are barred because they were commenced more than one year after July 15, 1967, the latest date the wrongful acts and breaches of duty could have occurred. Whereas, if the Legislature, by its enactment of Chapter 353 of the Public Acts of 1965, intended differently as to the lawsuits covered by that statute, the present suits would not be barred because they were instituted within four years of July 15, 1967, and within one year of the date of injury. The Legislative intent by the enactment of Chapter 353 of the Public Acts of 1965 will answer the issue.

The defendant argues several states have within recent years enacted statutes comparable to T.C.A. secs. 28-314 thru 28-318, and cites authority to the effect these statutes were enacted at the instigation of architects, contractors, builders and others engaged in the building trade for the

purpose of limiting the time when a personal injury action could be instituted against them.[1] The defendant lists, from the same source, twenty-five states which enacted similar statutes from the year 1963 thru 1968. Defendant argues: ''The potential liability of architects, contractors and engineers, when Tennessee enacted its statutes hereinabove referred to in 1965, was believed to extend without limitation in time, and possibly during the lifetime of the individual who had performed the service, until an injured individual instituted suit within one year after an injury was sustained.'' The defendant concludes the legislative intent by the enactment of the statute was to protect these parties from this long continued exposure to suit, and is not to be interpreted as making them more responsive to suit.

We cannot agree with the above reasoning as to the legislative intent under consideration. We do not purport to adjudicate on the conditions, intentions and aims of the Legislature of other jurisdictions. We are here concerned with the problems faced by the people of the state of Tennessee, and the response thereto by their duly elected representatives in the General Assembly. As heretofore noted our Tennessee Supreme Court established and has consistently followed the rule of construction quoted from the *Albert* case as to when a cause of action accrues. This ruling admittedly results in some hardship because some actions for damages due to personal injuries were thereby barred before the person was injured; but the judicial branch of our government could not alleviate this problem without allowing litigation so remote in time as to be too uncertain and too speculative to be permitted. No one should suggest the courts could have arbitrarily fixed

---

[1] Citing, 18 Catholic University Law Review 361 (1969).

times of limitations of actions to their own notion. To so act would have been a judicial invasion of the legislative branch; and a denial of the inherent right of the people that laws shall be enacted only by their duly elected representatives.

The problem therefore is legislative in character. The legislature constitutes the branch of government closest to the people, most cognizant of their needs, and more responsive to their demands. We cannot ascribe to our Legislature a lack of knowledge and understanding of the particular problem at hand. We conclude the legislative intent, by the enactment of Chapter 353 of the Public Acts of 1965, was to alleviate this problem insofar as those actions covered by that statute are concerned.

There is no indication the Legislature intended to extend the time for bringing suit for personal injuries to four (4) years from date of injury in the situations covered by the statute. The proviso that any action covered by the Act shall be brought not later than five (5) years of the date of substantial completion of the improvement clearly rejects a construction which would extend the one (1) year period of limitation within which an action for personal injuries could be brought.

We conclude the legislative intent was that when a person suffered personal injury, as result of situations covered by the Act, within four (4) years after substantial completion of the improvement, that person could bring suit for damages thus sustained within one (1) year after the date of injury.

Defendant argues only T.C.A. sec. 28-315 provides for an action for damages due to personal injuries "within one (1) year after the date on which the injury occur-

red,'' and this section is limited to those injuries which occur during the fourth year after substantial completion of the improvement. Defendant therefore insists the condition stated in T.C.A. sec. 28-315 is limited to that section of the statute, and the construction of when a cause of action accrues as stated in the *Albert* case must be applied to situations otherwise contemplated by the Act. This argument is not sound because a person injured during the second and third years of the four year period would have his action barred before the injury occurred; whereas, a person injured during the fourth year after substantial completion of the improvement would have a full twelve months within which to sue. That result would be extremely unreasonable and inconsistent. A statute shall be construed so as to be consistent in all its parts, and uniform in all its operations. See: Davis v. Beeler (1947) 185 Tenn. 638, 207 S.W.2d 343; Pritchard v. Carter County Motor Co. (1953) 197 Tenn. 222, 270 S.W.2d 642.

The legislative intent as above found is reasonable wherein a four year period is set up, for actions contemplated by the Act, during which time the person who suffered personal injury would not be barred from recovery before the injuries occurred. And, the contractors, architects, engineers, etc., who might be subject to suit for damages due to personal injuries received, under situations contemplated by the Act, would not be subjected to suits so remote in time as to be speculative and uncertain, but would only be subject to suits for such injuries which occur within four (4) years after substantial completion of the improvement.

Thus, a legislative problem, not subject to judicial solution, has been alleviated, in the situations covered by

the Act, by the duly elected representatives of the people, in such manner as the Legislature in its wisdom deemed appropriate. It is not the privilege of this Court, and we would deem it most injudicious, to interfere.

Defendant argues the Tennessee Supreme Court refused to apply T.C.A. secs. 28-314 thru 28-318 in the case of Williams v. Thompson (1969) 223 Tenn. 170, 443 S.W. 2d 447. In that case the complainants contracted for the purchase of a lot and for the construction of a residence thereon. The dwelling was completed and delivery effected on January 25, 1963. Suit was brought by the complainants on July 19, 1968 seeking damages for injury to real property. The issue there was whether the three year property damage statute (T.C.A. sec. 28-305), or the six year contract statute (T.C.A. sec. 28-309) was applicable. There is no indication the Supreme Court considered T.C.A. secs. 28-314 thru 28-318 in the decision of that case. It would be improper for this Court to speculate on the result had the Act in question been considered.

We do not in this case construe T.C.A. secs. 28-314 thru 28-318 as that statute may relate to an action for damage to property, real or personal. We are here concerned with personal injuries only, and a construction beyond the issues of the pleading and proof would be unwarranted.

The plaintiffs by Assignment of Error V insist the Trial Court erred in applying T.C.A. sec. 28-304 to that Count of his Declaration which alleged damages due to personal injuries resulting from breach of warranties, when the applicable statute is T.C.A. sec. 47-2-725. Plaintiffs cite Layman v. Keller Ladders, Inc. (1970) 224 Tenn. 396, 455 S.W.2d 594 as authority. The defendant replies

the contract under consideration was not a "contract of sale" as contemplated by Section 47-2-725, therefore, that statute and the rule announced in the *Layman* case are not applicable.

We cannot, under the record, decide this issue. The contract is not before this Court and we cannot assume it provides one way or the other. The facts as stipulated and proved related only to the dates as heretofore set out, and that the defendant did construct the fire place and install the facing. The record reveals considerable controversy arose between the parties and there is pending various suits before the Chancery Court, as result of these differences. We therefore pretermit the issue asserted by Assignment of Error V, and make no ruling thereon.

It results the judgment of the Trial Court is reversed, the Plea in Abatement is dismissed, and this cause is remanded to the Circuit Court of Blount County for additional pleadings and trial according to law. Cost of this appeal is adjudged against the defendant, cost in the Trial Court to be there adjudged.

Carney, P. J. (W.S.), and Nearn, J., concur.