**CITY OF KINGSPORT, etc., et al.,
Plaintiffs,**

v.

**SCM CORPORATION et al., Defendants.
Civ. A. No. 2639.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 1, 1972.

their action was commenced within four years after such accrual, and that the applicable statutes, T.C.A. §§ 28–314, 28–315, 47–2–725, allow four years for the commencement of this action.

The Court is submitting to the jury the factual issues, whether the plaintiffs were induced to delay the commencement of this action until after the applicable statute of limitation had run, and whether the benefits of the applicable statute were lost by the defendants by conduct involving the principles of estoppel. See memorandum opinion and order herein of March 17, 1972, D.C., 352 F.Supp. 287. Thus, it becomes material at this time to decide which limiting statute is, or statutes are, applicable in the premises.

██ It is the opinion of this Court that T.C.A. § 47–2–725 is inapplicable herein. Involved here is a contract for the *construction* of a roof of a structure. The cited statute relates to contracts of sale. Layman v. Keller Ladders, Inc. (1970), Tenn., 455 S.W.2d 594, 596 [3].

The plaintiffs contend that T.C.A. § 28–305 is inapplicable, "* * * because superceded is [sic: in] a case of this class by T.C.A. [§] 28–314. * * *" Reply memorandum of plaintiffs of October 31, 1972 to SCM's memo on statute of limitations, page 2. The Court disagrees. To conclude that T.C.A. § 28–314 has superseded T.C.A. § 28–305 is to conclude that the Tennessee General Assembly has extended the time for bringing suit for property tort actions from three years from the accruing of the cause of action to four years in the situations covered by T.C.A. § 28–314.

In the only decision construing T.C.A. §§ 28–314–28–318 cited to or discovered by this Court, the Tennessee Court of Appeals considered the question, whether the General Assembly of Tennessee, by enacting those aforecited statutes, had extended the time for bringing an action for personal injuries. Judge Matherne stated for the Court:

\* \* \* \* \* \*

There is no indication the Legislature intended to extend the time for

W. E. Weber, City Atty., H. E. Wilson, and Joe Worley, Kingsport, Tenn., for plaintiffs.

F. Allan Kelly, Kingsport, Tenn., Arthur G. Seymour, Knoxville, Tenn., John Peters, Cleveland, Ohio, M. Lacy West, Kingsport, Tenn., Christopher Christopher, Worcester, Mass., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441 (a), diversity action, 28 U.S.C. §§ 1332 (a)(1), (c), for money damages for breach of a contract relating to the deficient construction of a roof on a school building. It was commenced on December 15, 1970.

*Inter alia,* the defendants claim that the plaintiffs' action is barred by the limitations of T.C.A. §§ 28–314, 28–315, 28–305, 47–2–725. The plaintiffs concede that this action was not commenced within three years after their cause of action accrued, but they contend that

bringing suit for personal injuries to four (4) years from date of injury in the situations covered by the statute. * * *

* * * We conclude the legislative intent was that when a person suffered personal injury, as result of situations covered by the Act, within four (4) years after substantial completion of the improvement, that person could bring suit for damages thus sustained within one (1) year after the date of injury.

Leyen v. Dunn, (1970), Tenn.App., 461 S.W.2d 41, 44, esp. [1], certiorari denied (1970).

That Court made it clear that it did not in that case " * * * construe T.C. A. §§ 28–314 thru 28–318 as that statute may relate to an action for damage to property, real or personal * * *," confining itself to a consideration of how those statutes relate to an action for personal injuries. *Ibid.*, 461 S.W.2d at 45. In an action for damages to real property, the Tennessee Supreme Court held that the three-year property damage statute, T.C.A. § 28–305, rather than the six-year contract statute, T.C.A. § 28–309, applied. Williams v. Thompson (1969) Tenn., 443 S.W.2d 447, discussed in Leyen v. Dunn, *supra,* 461 S.W.2d at 45. In *Williams,* Mr. Justice Humphreys observed that actions for injuries to personal or real property must be commenced within three years from the accrual of the cause of action, citing T.C. A. § 28–305, and pointed out that

* * * * * *

* * * [t]he word "actions" as used in this Code section refers to the subject matter of the controversy and not to the remedial procedure. Whether an action for the recovery of damages for injury to personal or real

property results from a breach of contract or from a tort, independent of contract, is immaterial. * * *

Williams v. Thompson, *supra,* 443 S.W. 2d at 449 [1].

■ The duty of this Court is to apply the law which a state court would apply if it were sitting. As there is apparently no pertinent precedent established by the state courts, this Court " * * * has a duty to anticipate the law which would be applied. * * *" Cordell v. Detective Publications, Inc., D.C.Tenn. (1968), 307 F.Supp. 1212, 1214–1215 [1], affirmed C.A. 6th (1969), 419 F.2d 989, esp. 990.

■■ It is stated in the aforementioned Act that: " * * * Nothing in §§ 28–314–28–318 shall be construed as extending the period, or periods provided by the laws of Tennessee * * *. Nor shall said sections be construed as creating any cause of action not heretofore existing or recognized. * * *" T.C.A. 28–316. This statute and the available decisional law of Tennessee persuade this Court that, when confronted with the problem with which this Court is now confronted, the courts of Tennessee would hold that the limitation of this action is governed by T.C.A. § 28–305, and that a person whose property is damaged, as a result of defective improvement of real estate, within four years after substantial completion of the improvement, has three years from the date of the accrual of his cause of action to bring suit.

It being conceded that this action was not commenced by the plaintiffs within three years prior to December 15, 1970, this Court will submit to the jury the aforementioned questions of inducement and estoppel for decision.