**Shoshana Winer AGUS and Doris Winer Greenberg**

v.

**FUTURE CHATTANOOGA DEVELOP-MENT CORPORATION et al.**

v.

**KEMMONS, WILSON CONSTRUCTION COMPANY et al.**

**Civ. A. No. 6499.**

United States District Court, E. D. Tennessee, S. D.

April 18, 1973.

Berke, Berke & Berke, Chattanooga, Tenn., for plaintiffs.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for defendants.

Robert T. Mayes, C. B. McEachin and J. W. Davis, a partnership d/b/a The Continental Apartments of Chattanooga, defendants and third-party plaintiffs.

Tanner & Jahn by Chas B. Burns, Jr., Chattanooga, Tenn., for Mark B. Follis.

Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., for Kemmons Wilson Construction Co.

Stophel Caldwell & Heggie Chattanooga, Tenn., for Ost, Follis, Wagner & Bekemeyer, Inc.

Jerry F. Taylor, Memphis, Tenn., for Campbell & Campbell.

## MEMORANDUM ON PENDING MOTIONS

FRANK W. WILSON, Chief Judge.

This case is presently before the Court upon the following motions: (1) the defendants' motion to amend its answer (Court File No. 23), and (2) motions to dismiss or for summary judgment filed by the third-party defendants

(Court File Nos. 18, 22 and 26). Without the necessity of further discussion, the defendants' motion to amend its answer will be allowed, there being no opposition to it.

Turning to the motions to dismiss or for summary judgment in the third-party action, the following relevant matters are noted. The instant case arose from a fire which occurred on November 20, 1971, in the defendants' apartment building, allegedly as a result of which the plaintiffs' mother died. The original complaint was filed on April 25, 1972, against the owners of the apartment building, charging such defendants with negligence in the construction, equipment and maintenance of the edifice.

In due course the defendants answered and thereafter filed third-party complaints under Rule 14, Federal Rules of Civil Procedure, against Kemmons, Wilson Construction Company (hereinafter referred to as "Wilson"), which erected the apartment building; Ost, Follis, Wagner and Bekemeyer, Inc. (hereinafter referred to as "Ost"), which apparently was an architectural firm that provided Wilson with certain blueprints; and John Campbell and Thomas Campbell, individually and doing business as Campbell and Campbell (hereinafter referred to as "Campbell"), engineers who allegedly were to have installed necessary sprinkling equipment in the building. In each case, the defendants (third-party plaintiffs) deny their liability but aver that, in the event liability is found, they are entitled to indemnity from the several third-party defendants.

I

The case is presently before the Court upon the motions to dismiss of third-party defendants Wilson and Ost; additionally, third-party defendants John and Thomas Campbell have moved for summary judgment. The one common ground upon which each of the third-party defendants relies is the statute of limitations. The Court is of the opinion that the limitations defense asserted by each third-party defendant is dispositive of the third-party claim.

To the extent that the third-party defendant Ost asserts other grounds for dismissal, the Court is of the opinion that the motion is without merit. To the extent that the third-party defendant Campbell asserts other grounds in its motion for summary judgment, the Court is of the opinion that genuine issues of fact may exist with regard to such matters and the motion is accordingly without merit as to these matters. All essential facts with reference to the limitations issue do not appear in the pleadings. Accordingly, the limitations issue was properly raised by the third-party defendant Campbell in a motion for summary judgment. To the extent that the statute of limitations defense is asserted in the motions to dismiss filed by the third-party defendants Wilson and Ost, these motions will be considered as motions for summary judgment.

It appears undisputed in the present record that the third-party defendant Wilson was the general contractor who constructed the apartment building that is the subject of this lawsuit, that the third-party defendant Ost is an architectural firm who allegedly supplied certain plans or blueprints regarding the said building and that the third-party defendant Campbell is an engineering contractor who installed certain sprinklers and other equipment in the building. It likewise appears undisputed in the record that all work performed or alleged to have been performed by the third-party defendants upon the subject apartment building was completed prior to June 1, 1967, and that the building was accepted by the owners as "substantially completed" by that date. Finally, it likewise appears undisputed in the pleadings or upon the record that the fire out of which this lawsuit arose occurred on November 20, 1971. The date of the death alleged to have arisen out of the fire does not appear in the record other than that it occurred prior to the filing of the lawsuit. The lawsuit was filed upon April 25, 1972.

Upon this state of the record each third-party defendant relies upon the defense of the statute of limitations, the statute here relied upon by the third-party defendants being T.C.A. § 28–314, which reads as follows:

"All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement."

"Substantial completion" is defined thusly in T.C.A. § 28–318:

"(b) 'Substantial completion' shall mean that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change orders agreed to by the parties) upon attainment of which the owner can use the same for the purpose for which it was intended; the date of substantial completion may be established by written agreement between the contractor and the owner."

It accordingly appears undisputed that more than four years had elapsed from the "substantial completion" of the subject apartment building and the occurrence of the fire with the subsequent filing of the present lawsuit. The third-party plaintiffs dispute the applicability of the foregoing statute, contending that the statute has no application to actions for indemnity such as is here involved. Rather, it is contended that the action for indemnity does not in fact arise until a judgment has been rendered in favor of the plaintiff and against the defendant, i. e., the third-party plaintiff, with the applicable statute of limitations at that point being the Tennessee Six Year Statute generally applicable to contract actions (T.C.A. § 28–309), which provides in part:

28–309. *Rent—Misconduct of public officers—Contracts not otherwise covered.—.* . . [A]ctions on contracts not otherwise expressly provided for, shall be commenced within six (6) years after the cause of action accrued.

As reflected upon its face, T.C.A. § 28–314 purports to apply to "all actions to recover damages" arising out of defective improvement of real estate. Upon the other hand, T.C.A. § 28–309 purports to apply generally to all contract actions. Assuming *arguendo* that the instant indemnity action is contractual in nature, there at first blush appears to be a discrepancy between the periods of limitation prescribed in T.C.A. § 28–309 and T.C.A. § 28–314. In determining which statute is controlling where two or more statutes may appear to apply and where a conflict exists between those statutes, the Tennessee courts have approved the following general canon of statutory construction:

"Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision . . .

" 'A special provision in a statute will control a general provision which

would otherwise include that mentioned in the particular provision.' " State ex rel. v. Safley, 172 Tenn. 385, 390–391, 112 S.W.2d 831 (1937). See also, Woodroof v. City of Nashville, 183 Tenn. 483, 192 S.W.2d 1013 (1946); Strader v. United Family Life Ins. Co., 218 Tenn. 411, 403 S.W. 2d 765 (1966); Koella v. State, 218 Tenn. 629, 405 S.W.2d 184 (1966).

■ Applying this rule in the instant circumstances, it is clear that T.C.A. § 28–314, which patently has a limited, special and particularized scope, rather than T.C.A. § 28–309, which applies generally to contract actions, must be deemed controlling. This conclusion is buttressed by another consideration which in itself is sufficient to dictate the same result; namely, T.C.A. § 28–309 by its very words applies only to ". . . actions or contracts not otherwise expressly provided for . . ." Here it seems obvious that this action for damages arising out of defective improvements to real estate would constitute an exception ("otherwise expressly provided for") to T.C.A. § 28–309. It may be said, then, that there actually is no conflict between the two statutes, since T.C.A. § 28–309 on its face recognizes exceptions thereto. In any event, the results would be the same under either approach.

The third-party plaintiffs, however, appear to contend that, since a cause of action for indemnity does not accrue until a judgment is rendered against the indemnitee, T.C.A. § 28–314 could not have been intended by the legislature to apply to such indemnity actions because the indemnitee's cause of action under facts such as are here presented could and would be barred before it ever arose. For this reason the Court is urged by the third-party plaintiffs to except indemnity actions from the operation of what would normally be the controlling statute, T.C.A. § 28–314. Although this specific question has never been decided by the courts of Tennessee,

similar legislation was construed in the case of Rosenberg v. Town of North Bergen, 61 N.J. 190, 293 A.2d 662 (1972), wherein the Supreme Court of New Jersey said:

In an important respect it is unlike the typical statute of limitations. Commonly such a statute fixes a time within which an injured person must institute an action seeking redress, and generally this time span is measured from the moment the cause of action accrues. Here such is not the case. The time within which suit may be brought under this statute is entirely unrelated to the accrual of any cause of action . . .

[The statute] does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has no cause of action . . . The function of the statute is thus rather to define substantive rights than to alter or modify a remedy.

The only reported Tennessee case which has dealt with T.C.A. § 28–314 is Leyen v. Dunn, Tenn.App., 461 S.W.2d 41 (1970).[1] Admittedly, the inquiry there was quite dissimilar to that presently before the Court; nevertheless, the exposition of legislative policy given by the Tennessee Court of Appeals is illuminating:

The legislative intent as above found is reasonable wherein a four year period is set up, for actions contemplated by the Act, during which time the person who suffered personal injury would not be barred from recovery before the injuries occurred. *And, the contractors, architects, engineers,* etc., who might be subject to suit for damages due to personal injuries received, under situations contemplated by the Act, *would not be subjected to suits so remote in time as to be speculative*

1. Noted in 38 Tenn.L.Rev. 613 (1971).

*and uncertain, but would only be subject to suits for such injuries which occur within four (4) years after substantial completion of the improvement.* 461 S.W.2d at 45. (Emphasis added)

It is apparent that the intent of the Tennessee legislature in passing T.C.A. § 28–314 was to insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the improvement. It is not the office of this Court to inquire into the wisdom or underlying motives of state legislatures in framing such statutes and the Court declines to do so.[2] While the legislature arguably might have expressly enumerated each and every type of action which was to be affected by T.C.A. § 28–314, the absence of such an enumeration does not serve to limit a statute obviously intended on its face to be all inclusive. That the statute may have the effect in this instance of barring an action for indemnity before all essential elements to that cause of action have finally accrued is not sufficient to impute a legislative intent contrary to that clearly reflected on the face of the statute, that is, to include indemnity along with all types of actions within the bar of the statute.

While the issue has not been specifically raised, it is noted that statutes of limitations (such as T.C.A. § 28–314) which in some instances may serve to cut off or extinguish a right of action before it arises or before the injury occurs have been scrutinized and found to be constitutionally valid by this Court upon other occasions. See Hargraves v.

Brackett Stripping Machine Co., 317 F. Supp. 676 (E.D.Tenn.1970).

Accordingly, summary judgment for each of the third-party defendants will be sustained and an order of dismissal will enter as to such parties upon the ground that the third-party action is barred[3] by T.C.A. § 28–314.

An order will enter in accordance with this memorandum.

---

2. The Court does note that in recent years there has been a marked proliferation of comparable legislation in jurisdictions throughout the United States. See Comment, Limitation of Action Statutes for Architects and Builders—Blueprints for Non-Action, 18 Cath.U.L.Rev. 361 (1969).

3. As suggested by *Rosenberg, supra,* it may be somewhat inaccurate to speak of the action as being "barred;" however, this is the terminology employed by the Tennessee Court of Appeals in Leyen v. Dunn, *supra.*