**VALLEY RESOURCES, INC. et al.**

v.

**SOUTH COUNTY GAS COMPANY.**

**No. 82–366–Appeal.**

Supreme Court of Rhode Island.

Jan. 23, 1985.

Deming E. Sherman, John A. Houlihan, Edwards & Angell, Dennis J. Roberts II,

Atty. Gen., Jane M. McSoley, Sp. Asst. Atty. Gen., Providence, for plaintiff.

Dean N. Tempkin, John G. Coffey, Jr., Coffey, McGovern, Noel, Novogroski & Neal Ltd., Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes to us on appeal from a Superior Court judgment dismissing the plaintiffs' complaint seeking a declaration of the rights and obligations of Valley Resources, Inc., under the Rhode Island Business Corporations Act.[1] We affirm the judgment of the Superior Court justice and therefore deny and dismiss the plaintiffs' appeal.

The pertinent facts are as follows. South County Gas Company (hereinafter South County), a public utility, purchased 27,350 shares of the outstanding $10 par-value common stock of Valley Resources, Inc. (hereinafter Valley Resources), a holding company, which at the time of purchase amounted to 6.5 percent of the outstanding stock. Valley Resources owns all of the outstanding shares of Valley Gas Company (hereinafter Valley Gas), which is a public utility within the meaning of G.L.1956 (1984 Reenactment) § 39-1-2(7). According to plaintiffs' complaint, this purchase was illegal since it was made without first obtaining the approval of either the Securities Exchange Commission (SEC) or the Rhode Island Division of Public Utilities and Carriers (division) under applicable state law.[2] The plaintiffs contend that G.L.1956 (1984 Reenactment) § 39-3-24(d), requiring approval of the division prior to

the purchase of public utility stock by another public utility, applied to the purchase of Valley Resources stock by South County.[3] Hence, plaintiffs filed suit against South County seeking a declaration of Valley Resources' rights and obligations under the Rhode Island Business Corporation Act with respect to South County. In addition, plaintiffs sought to enjoin South County from making any additional purchases of Valley Resources shares and from exercising general stockholder privileges until regulatory approval was obtained. The trial justice granted plaintiffs' motion for a temporary restraining order on August 26, 1981. Consolidated hearings were held on plaintiffs' motion for a preliminary injunction and on the merits respectively on October 2 and 7, 1981. The trial justice dismissed the complaint and denied plaintiffs' subsequent motion for injunction pending appeal. This appeal ensued.

The sole issue presented on appeal is whether South County, a public utility, was required to obtain regulatory approval pursuant to § 39-3-24(d) prior to its purchase of stock in Valley Resources, a holding company that owns all of the outstanding shares of Valley Gas Company, a public utility.

We conclude that the regulatory approval required by § 39-3-24(d) was not required prior to South County's purchase of the Valley Resources shares since that section applies only to the purchase of one public utility's stock by another public utility. Although South County is in fact a public utility, Valley Resources is a holding

---

1. General Laws 1956 (1969 Reenactment) § 7-1.1-1.

2. In their appeal, plaintiffs have eliminated the claim that defendant was required to obtain the SEC's approval prior to their purchase and claim only that the division's approval should have been sought. The plaintiffs withdrew the SEC argument since, subsequent to the filing of the complaint, Valley Resources issued 150,000 more shares of stock thereby making South County's total percentage of ownership in Valley Resources decrease from 6.5 percent to 4.8 per-

cent. Such a percentage decrease eliminates the need for South County to obtain SEC approval prior to purchasing additional shares of Valley Resources stock. Thus, on appeal plaintiffs' press only the claim that the division's approval was required.

3. General Laws 1956 (1984 Reenactment) § 39-3-24(d), entitled "Transactions between utilities for which approval required[,]" provides that the consent and approval of the division is required prior to the purchase of stock of one public utility by another public utility.

company, and by definition, a holding company is not a public utility.

The plaintiffs' argument in support of the applicability of § 39–3–24(d) is auspicious as a novel concept. Unfortunately, it is not legally persuasive. Their argument is essentially the following. Since Valley Resources, a holding company, owns all of the outstanding shares of Valley Gas, a legitimate public utility within the meaning of § 39–1–2(7), South County's purchase of Valley Resources shares amounted to the purchase of one public utility by another public utility. Thus, § 39–3–24(d) applies to that purchase requiring prior regulatory approval. Since such approval was not obtained by South County, the purchase was illegal.

The plaintiffs concede that Valley Resources is not a public utility yet they argue that statutory language applicable only to public utilities applies to Valley Resources, a holding company. What plaintiffs suggest is that public policy requires § 39–3–24(d) to be read in a nonliteral light and that from a public-policy standpoint, we ought to expand the application of § 39–3–24(d) to cover the situation in which a public utility purchases stock in a holding company that owns the stock of a public utility. According to plaintiffs, in that situation, regulatory approval would be necessary prior to the purchase, just as it would be if two public utilities were directly involved. To hold otherwise, plaintiffs argue, would result in allowing a public utility to accomplish indirectly what it cannot do directly.

 Upon assay, this case boils down to a simple question of statutory interpretation.[4] The definitional section of the statute § 39–1–2(7) defines a public utility as including every company operating or doing business in intrastate commerce and in this state as gas, liquefied natural gas, etc., and every company owning, leasing, maintaining, managing, or controlling any plant or equipment or any part of any plant or equipment within this state for generating, manufacturing, producing, transmitting, distributing, delivering, or furnishing natural or manufactured gas directly or indirectly to or for the public. Clearly then, for § 39–3–24(d) to apply here, Valley Resources must be a public utility. However, it is important to note that the parties stipulated to the following language contained in a proxy statement issued in 1979, prior to Valley Gas's reorganization and the subsequent creation of the holding company, Valley Resources: "As a result, Holding Company [Valley Resources] will not be required to obtain regulatory consent to the issuance of its shares[.]" Thus, the trial justice's findings merely repeat the statement in the proxy statement that the shares of the holding company would not be subject to state utility regulation.

Evidently, Valley Resources was intentionally organized as a holding company in order for it to be exempt from the requirements of a public utility. Since plaintiffs chose to conduct themselves as a holding company rather than as a public utility, and therefore avoided being subjected to regulations and requirements applicable to public utilities, we shall not now allow them to benefit from statutory language applicable only to public utilities. An argument could be made that the language defining a public utility in § 39–1–2(7) covers the situation we are facing here, that is, when one company (Valley Resources) owns another plant (Valley Gas) that furnishes gas to the public, the former company is, by definition, a public utility. However, plaintiffs never raise this argument in their brief. Furthermore, plaintiffs actually concede in their brief that Valley Resources is not a public utility. To allow plaintiffs now to benefit from statutory language pertaining only to public utilities when they have not complied with any other public utility requirements, to date, and where they actual-

---

**4.** The essential task of this court regarding statutory construction is to determine and give effect to the intent of the Legislature. *Conrad v.*

*Town of Narragansett Board of Canvassers,* R.I., 420 A.2d 50, 51 (1980).

ly admit that they are not a public utility, would amount to allowing plaintiffs to manipulate statutory language to suit their own purposes.

Our conclusion, which is consistent with that of the trial justice, is that the purchases of stock in Valley Resources, a holding company that owns a public utility, does not fall within the purview of § 39-3-24(d). The plaintiffs' public-policy argument, although imaginative, is legally untenable. Thus, South County was not required to obtain the division's approval prior to its purchase of Valley Resources stock, and the trial justice was correct in dismissing plaintiffs' complaint.

The trial justice rendered her decision based upon a literal interpretation of § 39-3-24(d), and consequently, refused to accept the plaintiffs' public-policy argument illustrated above. We affirm that decision since Valley Resources is clearly not a public utility and therefore, despite Valley Resources' connection with a public utility, purchases of shares in Valley Resources are not purchases of stock of a public utility within the meaning of § 39-3-24(d).

As a result of the reasoning articulated above, we affirm the trial justice's decision. The plaintiffs' appeal is denied and dismissed.