**QUALITEX, INC.**

v.

**COVENTRY REALTY CORP. et al.**

**No. 87–355–A.**

Supreme Court of Rhode Island.

April 20, 1989.

Mark B. Morse, Gerald P. McOsker, McOsker, Isserlis & Davignon, Providence, for plaintiff.

Michael Colucci, Olenn & Penza, Warwick, Thomas W. Lyons, III, Benjamin V. White, Vetter & White, Inc., Providence, for defendants.

## OPINION

FAY, Chief Justice.

This negligence and breach of warranty action comes before us on appeal by the plaintiff, Qualitex, Inc. (Qualitex), and cross-claimants, Coventry Realty Corporation (Coventry Realty) and Coventry Narrow Fabrics (Coventry Fabrics), from a Superior Court order granting the motion of the defendant ITT Grinnell Corporation (ITT Grinnell) for summary judgment. Qualitex, Coventry Realty, and Coventry Fabrics contend that the trial justice erred in granting that motion.

Before considering the facts relevant to this appeal, we shall discuss our standard of review following the grant of a motion for summary judgment. On appeal this court reviews the propriety of a summary judgment order by the same standard as the trial justice. *Lawrence v. Anheuser–Busch, Inc.*, 523 A.2d 864, 867 (R.I.1987) (citing *Steinberg v. State*, 427 A.2d 338, 340 (R.I.1981)). This review includes an examination of pleadings and affidavits viewed in the light most favorable to the party opposing the motion. *Violet v. Travelers Express Co.*, 502 A.2d 347, 349 (R.I. 1985); *Rustigian v. Celona*, 478 A.2d 187, 190 (R.I.1984). First, we decide if an issue of material fact exists, and if not, we determine if the moving party was entitled to summary judgment as a matter of law. *Lawrence v. Anheuser–Busch, Inc.*, 523 A.2d at 867; *Russo v. Cedrone*, 118 R.I. 549, 555, 375 A.2d 906, 909 (1977); Super. R. Civ. P. 56. Mindful of our standard of review, we shall discuss the pertinent facts.

The plaintiff, Qualitex, entered into an oral lease agreement with defendant Coventry Realty for commercial property located at 618 Washington Street, Coventry, Rhode Island. Qualitex was therefore a commercial lessee and Coventry Realty a lessor of space on the first floor of the building. The defendant Coventry Fabrics rented the second-floor premises from Coventry Realty.

Qualitex alleged that on April 14, 1984, a fire-sprinkler head located on the second floor of the building activated without cause. According to plaintiff, Qualitex, water leaked through Coventry Realty's floor into plaintiff's space located one floor below. Qualitex further claimed that Grinnell Corporation, a predecessor in interest to ITT Grinnell, designed, manufactured, sold, and installed the sprinkler unit.

Grinnell Corporation stated by affidavit that it had changed the name of the company to ITT Grinnell Corporation between September 24, 1971, and July 1, 1972. ITT Grinnell then formed a subsidiary, Grinnell Fire Protection Systems Company, Incorporated (GFPS), and transferred all the assets and liabilities of its fire-protection division to GFPS. ITT Grinnell as successor in interest claimed that it had not manufactured, sold, installed, serviced, or maintained any type of fire-protection system from July 1, 1972, to the present. In addition ITT Grinnell asserted that no agreement existed with defendant Coventry Realty for service and/or maintenance of the fire-protection system located at the Washington Street premises.

On November 20, 1985, Qualitex filed a complaint against defendants, Coventry Realty, Coventry Fabrics, and ITT Grinnell, alleging that it suffered injuries resulting from defendants' negligence and breach of express and implied warranties. Thereafter defendants Coventry Realty and Coventry Fabrics filed cross-claims against ITT Grinnell, claiming a right of contribution or indemnification because their liability, if any, would be caused solely by the conduct and activity of ITT Grinnell.

ITT Grinnell filed a motion for summary judgment on April 3, 1987. The trial justice granted that motion following a hearing, stating that ITT Grinnell was entitled to the benefit of the statutes of repose found in G.L.1956 (1985 Reenactment) § 9–1–29, and G.L.1956 (1985 Reenactment) § 6A–2–725(5). The two statutes of repose, according to the trial justice, operated to bar plaintiff's claim and defendants' cross-claims against ITT Grinnell.

The plaintiff and defendants Coventry Realty and Coventry Fabrics contend that ITT Grinnell, as manufacturer of the fire-sprinkler head, is not afforded the protection of § 9–1–29. Therefore Qualitex, Coventry Realty, and Coventry Fabrics claim that the statute was inappropriately applied to ITT Grinnell and that the negligence action should have survived the summary judgment motion. The parties assert that the general products liability statute of limitation should have been applied in the instant case.[1]

---

1. The general products liability statute of limitation is found in G.L.1956 (1985 Reenactment)

§ 9–1–13. The relevant portion of the provision is as follows:

In order to determine whether ITT Grinnell is entitled to the protections of § 9–1–29, we must examine the statutory language. In 1975 the General Assembly enacted § 9–1–29, which reads as follows:

"Constructors of improvements to real property—Immunity from liability.—No action (including arbitration proceedings) in tort to recover damages shall be brought against any architect or professional engineer who designed, planned, or supervised to any extent the construction of improvements to real property or against any contractor or subcontractor who constructed such improvements to real property or materialmen who furnished materials for the construction of such improvements on account of any deficiency in the design, planning, supervision, or observation of construction or construction of any such improvements or in the materials furnished for such improvements:

(1) For injury to property, real or personal, arising out of any such deficiency;
(2) For injury to the person or for wrongful death arising out of any such deficiency; or
(3) For contribution or indemnity for damages sustained on account of any injury mentioned in clauses (1) and (2) hereof; more than ten (10) years after substantial completion of such an improvement; Provided however, That this shall not be construed to extend the time in which actions may otherwise be brought under §§ 9–1–13 and 9–1–14."

The first question before us is whether a fire-sprinkler system is an improvement to real property for purposes of this statute.

■ Courts have consistently found heating, refrigeration, and electrical systems to be improvements to real property. *See, e.g., Mullis v. Southern Co. Services, Inc.*, 250 Ga. 90, 296 S.E.2d 579 (1982); *Milligan v. Tibbetts Engineering Corp.*, 391 Mass. 364, 461 N.E.2d 808 (1984); *Pacific Indemnity Co. v. Thompson–Yaeger,*

*Inc.*, 260 N.W.2d 548 (Minn.1977) (architect and engineer statutes of repose similar to § 9–1–29, which recognize different items as improvements to property). A fire-protection sprinkler system also has been found as an improvement to real property under the Tennessee statute of repose. *Agus v. Future Chattanooga Development Corp.*, 358 F.Supp. 246 (E.D. Tenn. 1973). In the present case the parties failed to contest this issue in the trial court. Despite the fact that the parties failed to adequately preserve the issue, we conclude that a fire-sprinkler system is within the "improvement to real property" language within the statute.

■ Second, we address whether ITT Grinnell, as a manufacturer, is within the class of persons protected by § 9–1–29. In construing a statute, we adhere to the basic proposition of establishing and effectuating legislative intent. *Valley Resources, Inc. v. South County Gas Co.*, 486 A.2d 1076, 1078 n.4 (R.I.1985); *Howard Union of Teachers v. State*, 478 A.2d 563, 565 (R.I.1984). This is accomplished by examining the language, nature, and object of the statute. *Dunne Leases Cars & Trucks, Inc. v. Kenworth Truck Co.*, 466 A.2d 1153, 1156 (R.I.1983); *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935, 937 (R.I.1983).

The General Assembly enacted § 9–1–29 to require that individuals seeking recovery in tort against constructors of improvements to real property must bring an action within ten years of the substantial completion of the improvement. We have stated that the Legislature enacted this statute of repose in reaction to the extinction of the doctrine of privity. *Walsh v. Gowing*, 494 A.2d 543, 546 (R.I.1985). With the abrogation of this doctrine, architects, engineers, and others ceased to enjoy immunity from liability to third parties. *Id.* (citing *Temple–Sinai Suburban Reform Temple v. Richmond*, 112 R.I. 234, 308 A.2d 508 (1973)). Therefore, the Gen-

"Limitation of actions generally—Product Liability.—
(a) Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."

eral Assembly attempted to shield "architects, professional engineers, contractors, subcontractors, and materialmen" and to provide them with a reasonable limitation on their greatly expanded potential liability. *Walsh v. Gowing,* 494 A.2d at 546.

The Rhode Island statute does not expressly exclude manufacturers or any particular class from its operation. The language of the statute was broadly written, and it is clear that the Legislature intended a broad application. *Id.* Although terms must be given their plain and ordinary meaning, "[i]f a mechanical application of a statutory definition * * * defeats legislative intent, this court will look beyond mere semantics and give effect to the purpose of the act." *Labbadia v. State,* 513 A.2d 18, 22 (R.I.1986) (quoting *State v. Delaurier,* 488 A.2d 688, 694 (R.I.1985)). In this context the statute must be read to include manufacturers. Manufacturers, just like architects, engineers, contractors, and subcontractors, need protection from individuals whose negligence in maintaining an improvement to real property may cause liability. *J.H. Westerman Co. v. Fireman's Fund Insurance Co.,* 499 A.2d 116, 121 (D.C. App.1985).

In addition plaintiff, Qualitex, and cross-claimants, Coventry Realty and Coventry Fabrics, alleged that ITT Grinnell "designed, manufactured, inspected, and installed" the allegedly defective firesprinkler system. As manufacturer, installer, and supplier, ITT Grinnell, we find, is a material man for purposes of § 9–1–29. Black's Law Dictionary defines a material man as one who "furnish[es] materials or supplies used in the construction or repair of a building [or] structure." Black's Law Dictionary 881 (West 5th ed.1979). Therefore, we hold that ITT Grinnell, as a material man or manufacturer, is entitled to the protection of this statute of repose.

In reaching the above conclusion, we note that no material issue of fact exists regardless of the date that the fire-protection sprinkler system was installed. If the system was installed after July 1, 1972, ITT Grinnell could not have sold or installed it because of the transfer of assets to GFPS. Following the July 1, 1972 transfer, ITT Grinnell, by affidavit, stated that it had not serviced or maintained any form of sprinkler system. Alternatively if the system was installed before November 18, 1975, plaintiff's tort claims would be barred by § 9–1–29. Therefore, ITT Grinnell is entitled to summary judgment as a matter of law.

■ Qualitex, Coventry Realty, and Coventry Fabrics also maintain that § 6A–2–725(5) is unconstitutional under Rhode Island law because it deprives products liability claimants of their day in court. This statute of repose states:

"Notwithstanding any other provision of this section, any action for breach of warranty arising out of an alleged design, inspection, testing or manufacturing defect, or any other alleged defect of whatsoever kind or nature in a product, must be commenced within ten (10) years after the date the product was first purchased for use or consumption."

Thus they aver that the breach of express and implied warranty actions should not have been dismissed.

The plaintiff, Qualitex, and defendants Coventry Realty and Coventry Fabrics argue that our decision in *Kennedy v. Cumberland Engineering Co.,* 471 A.2d 195 (R.I.1984), requires that we strike down as unconstitutional § 6A–2–725(5). In *Kennedy* we found the products liability statute of repose, § 9–1–13(b), unconstitutional. Section 9–1–13(b), however, completely eliminated the right to all civil products liability actions after ten years from the date of purchase. *Walsh v. Gowing,* 494 A.2d at 547. This legislation barred actions under strict liability, products liability, or traditional negligence theories. *Id.* (citing *Ritter v. Narragansett Electric Co.,* 109 R.I. 176, 283 A.2d 255 (1971)). Therefore, no cause of action remained available to a plaintiff against any possible defendants.

Contrastingly, in *Walsh v. Gowing* we upheld the realty statute of repose. The statute, as interpreted in that case, only prevented claims against an improver of real property ten years after the improve-

**854**

ment had been substantially completed. Causes of action for injuries brought against the owners or operators of real property nonetheless survived.

In the case before us, § 6A–2–725(5) restricts the plaintiff's potential causes of action. This court has long recognized that the Legislature may place reasonable limits on causes of action. *Kennedy v. Cumberland Engineering Co.*, 471 A.2d at 198; *Young v. Park*, 116 R.I. 568, 573, 359 A.2d 697, 700 (1976); *Fournier v. Miriam Hospital*, 93 R.I. 299, 305, 175 A.2d 298, 301 (1961). The restraints here, however, do not totally prevent a right of action. An improver of real property is subject to a breach of warranty action within ten years of purchase. Thereafter, plaintiffs seeking recovery can bring an action against the owners or operators of the improved property.

For the reasons stated, the plaintiff's and the cross-claimants' appeals are denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.