**Mary A. ALLBEE et al.**

v.

**CRANE COMPANY et al.**

**No. 93–513–Appeal.**

Supreme Court of Rhode Island.

May 18, 1994.

Edward Newman.

Mark Dolan, Kathryn Perotta.

## ORDER

This case came before the Supreme Court for oral argument on May 11, 1994, pursuant to an order directing Mary A. Allbee and Linda M. Stedman (plaintiffs) to show cause why the issues raised in their appeal should not be summarily decided. The plaintiffs have appealed from orders of the Superior Court granting the motions for summary judgment of Crane Company and Aetna Pumps, Inc. (defendants).

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, we are of the opinion that cause has not been shown, and the appeal will be summarily decided.

The facts of the case are undisputed. In 1987, Howard Allbee was killed when he was accidentally struck by a part of a vertical turbine pump, manufactured by Crane Company, and installed in 1970 by Aetna Pumps, which sold the pump to the town of South Kingstown.

The sole issue on appeal concerns the application of the statute of repose in G.L. 1956 (1985 Reenactment) § 9–1–29, that bars an action in tort against, inter alia, engineers, contractors or subcontractors for deficiencies of construction or design more than ten years after the project has been completed. The trial justice concluded that the installation of the pump constituted an improvement to real property within the meaning of § 9–1–29, and granted the motions for summary judgment of Crane Company and Aetna Pumps. We concur with that judgment.

In *Qualitex, Inc. v. Coventry Realty Corp.*, 557 A.2d 850 (R.I.1989), this court held that a commercial fire sprinkler system constituted an improvement to real property, and noted that other courts have held that refrigeration, heating and electrical systems constituted improvements to real property. *Id.* at 852. This court concluded that § 9–1–29 included manufacturers. *Id.* at 853.

We concur that the trial justice correctly determined that the claim should be barred. Consequently, we deny and dismiss the appeal, and remit the papers in the case to the Superior Court.