ORDER
Before this Court are defendant E. Turgeon Construction Corporation's (E. Turgeon) and defendant Gilbane Building Company's (Gilbane) motions for summary judgment pursuant to Super. R. Civ. P. 56. The plaintiff, Raymond J. Cote (Mr. Cote) objects to the motions. Because these motions contain a common issue, the Court will address them collectively.
 Facts and Travel
Defendants E. Turgeon and Gilbane are, respectively, a construction company and a building contracting corporation, both operating principally in Rhode Island. In 2004, Mr. Cote, a former sheet metal worker, filed a claim alleging, inter alia, that he suffered personal injury damages as a result of his exposure to asbestos at various E. Turgeon and Gilbane construction sites where he worked during the 1960s and the 1970s.
Both defendants now move for summary judgment, arguing that Mr. Cote's claim is barred by the Rhode Island Statute of Repose, G.L. 1956 § 9-1-29. E. Turgeon also claims that Mr. Cote has not offered any evidence to demonstrate a causal connection between his alleged injuries and E. Turgeon.
Mr. Cote objects to these motions, arguing that because he was injured while working at the construction sites, before the improvements to the property were substantially completed, his claim falls outside the statute of repose and is not time-barred. He contends that an opposite interpretation of the statute would be against state policy. He also argues that G.L. 1956 §23-24.5-15 (Duties of physicians regarding asbestos related diseases) carves out an exception to the statute of repose for asbestos-related cases.
In response to E. Turgeon's argument that there is no causal connection between Mr. Cote's injuries and his work on E. Turgeon's job sites, Mr. Cote claims there has not been adequate discovery time to allow him to gather the evidence to demonstrate the casual nexus between his work for E. Turgeon and his injuries.
 Standard of Review
"Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Tavares v. Barbour,790 A.2d 1110, 1112 (R.I. 2002) (quoting Delta Airlines, Inc.,v. Neary, 785 A.2d 1123, 1126 (R.I. 2001)). "Although the moving party bears the initial burden of establishing that no genuine issue of material fact exists for a finder of fact to resolve . . . it can carry this burden successfully by submitting evidentiary materials, such as interrogatory answers, deposition testimony, admissions, or other specific documents, and/or pointing to the absence of such items in the evidence adduced by the parties." Heflin v. Koszela,774 A.2d 25, 29 (R.I. 2001) (quoting Doe v. Gelineau,732 A.2d 43, 48 (R.I. 1999)). "If the moving party satisfies this burden, the nonmoving party then must identify any evidentiary materials already before the court and/or present its own competent evidence demonstrating that material facts remain in genuine dispute." Id. The nonmoving party can meet this burden through affidavits or other evidence, but may not rely upon mere allegations or conclusions. Bourg v. Bristol BoatCo., 705 A.2d 969, 971 (R.I. 1998) (citing St. PaulFire Marine Ins. Co. v. Russo Bros., Inc.,641 A.2d 1297, 1299 (R.I. 1994)). If the nonmoving party can demonstrate that an issue of material fact exists, the motion will be denied. Palmisciano v. Burrillville Racing Ass'n.,603 A.2d 317, 320 (R.I. 1992) (citing Evans v.Liguori, 118 R.I. 389, 394, 374 A.2d 774, 776 (1977)).
 Law and Analysis
Statute of Repose
Section 9-1-29 provides, in full:
 "No action (including arbitration proceedings) in tort to recover damages shall be brought against any architect or professional engineer who designed, planned, or supervised to any extent the construction of improvements to real property, or against any contractor or subcontractor who constructed the improvements to real property, or material suppliers who furnished materials for the construction of the improvements, on account of any deficiency in the design, planning, supervision, or observation of construction or construction of any such improvements or in the materials furnished for the improvements:
 (1) For injury to property, real or personal, arising out of any such deficiency;
 (2) For injury to the person or for wrongful death arising out of any such deficiency; or
 (3) For contribution or indemnity for damages sustained on account of any injury mentioned in subdivisions (1) and (2) hereof more than ten (10) years after substantial completion of such an improvement; provided, however, that this shall not be construed to extend the time in which actions may otherwise be brought under §§ 9-1-13 and 9-1-14."
It has been established that § 9-1-29 is a statute of repose.See Allbee v. Crane Co., 644 A.2d 308 (R.I. 1994) (order). The General Assembly enacted this statute in response to the termination of the doctrine of privity, the extinction of which allowed engineers, architects, and others to face liability to third parties. Walsh v. Gowing, 494 A.2d 543, 546 (R.I. 1985) (citing Temple Sinai — Surburban Reform Temple v. Richmond,112 R.I. 234, 308, A.2d 508 (1973)). In enacting this statute, the Legislature attempted to shield "architects, professional engineers, contractors, subcontractors, and materialmen" from limitless liability to third parties. Qualitex, Inc. v. CoventyRealty Corp., 557 A.2d 850, 852 (R.I. 1989) (citing Walsh,494 A.2d at 546).
Mr. Cote argues that applying § 9-1-29 to asbestos cases would be contrary to the state's policy of allowing asbestos plaintiffs to seek judgment through the courts. While the state court system has been open to plaintiffs seeking compensation for alleged asbestos-related injuries, the state's policy is not to circumvent the General Assembly's decision to limit the time period in which a plaintiff may bring a suit in certain types of cases. Section 9-1-29 is broadly written, and it is clear that the Legislature intended it to be applied broadly. Qualitex,557 A.2d at 853. There is no exception carved out for asbestos-related cases; indeed, this Court has previously applied the statute to asbestos-related litigation. See In Re:Cambra, No. 01-4147, 99-2703, 2002 R.I. Super. LEXIS 119 *17-18 (Sept. 4, 2002).
Mr. Cote also argues that § 23-24.5-15 creates an exception to the statute of repose for asbestos cases. This statute states in relevant part:
 "(c) Notwithstanding any other law to the contrary, the statute of limitations for any personal injury or property damage relating to asbestos or asbestiform materials for any cause of action now pending or which may be pending in the future shall not begin to run until notice to the patient or the patient's next-of-kin is filed as set forth in subsection (b), or in the case of pending matters when a physician in writing had notified the patient or next-of-kin."
Mr. Cote cites the "notwithstanding any other law to the contrary" language in this statute and argues that § 23-24.5-15, enacted ten years after § 9-1-29, removes asbestos litigation out of the reach of the statute of repose. However, § 23-24.5-15
concerns the statute of limitations, not the statute ofrepose, in asbestos related cases. The Rhode Island Supreme Court has held that these two phrases are not interchangeable: "[A] `statute of limitations' bars a right of action unless the action is filed within a specified period after an injury occurs whereas a `statute of repose' terminates any right of action after a specific time has elapsed irrespective of whether there has as yet been an injury." Salazar V. Machine Works,665 A.2d 567, 568 (R.I. 1995).
Section 23-24.5-15 affects when the statute of limitations will begin to run, not the start of the ten-year limit imposed by the statute of repose. A statute of repose imposes a strict time period in which an action must be filed, and § 9-1-29 is very clear that the statute of repose begins after the "substantial completion" of the improvements to the real property. As §23-24.5-15 does not relate to the statute of repose, it does not affect the calculation of when the ten-year time period begins.
Although the statute of repose applies to asbestos cases in general, the Court must also determine whether it applies to this particular asbestos case. The issue before the Court is whether the statute was meant to apply to suits brought by workers who were employed at the job site and allegedly exposed to asbestos while on the job. Mr. Cote argues that the words "substantial completion" subsection (3) of the statute indicate that the legislature only intended to bar suits where the injury
occurred after the substantial completion of the improvement.[1]
It is well-settled that statutory intent "is to be found in the words of a statute, if they are free from ambiguity and express a reasonable meaning." Walsh, 494 A.2d at 546 (quoting Little v.Conflict of Interest Comm'n, 121 R.I. 232, 237, 397 A.2d 884,887 (1979)). This statute plainly states that "no action . . . in tort to recover damages" can be brought more than ten years after the "substantial completion" of the improvement; the time when the injury occurred is not relevant. The location of the "substantial completion" language in subsection (3) makes it clear on its face that it is referring to the point of time when the ten-year filing period begins. The words do not appear anywhere in the first paragraph of the statute, which discusses the types of suits to be covered by the statute.
The Supreme Court has interpreted the language of the statute in a similar manner. "In the case before us, an improver of real property will be subject to suit for ten years after its structure has been substantially completed." Walsh,494 A.2d at 548. This interpretation indicates that the moment of substantial completion is of import only when determining when the ten-year time period in which an improver is subject to liability will begin.
In his deposition, Mr. Cote states that the E. Turgeon jobs on which he worked were completed "up through the late '70s." (E. Turgeon Ex. B at 109-110.) He also states that the last Gilbane project he could recall working on was the Regency Apartment project, which was completed in 1973. (Gilbane Ex. B at 104, Ex. E.) Mr. Cote filed his lawsuit in 2004, at least twenty years after these jobs were completed.[2] Section 9-1-29 bars claims against contractors filed more than ten years after the substantial completion of an improvement to real property, and thus Mr. Cote's claim is untimely.
 Conclusion
As Mr. Cote's claim is barred by the statute of repose, the Court does not need to address E. Turgeon's argument regarding the causal nexus between Mr. Cote's work on their job sites and his injuries.
Summary judgment is granted to defendants E. Turgeon Construction Corp. and Gilbane Building Company because, as a matter of law, the plaintiff's claim is barred by § 9-1-29, the Rhode Island Statute of Repose.
Counsel shall submit an order for entry in each case.
[1] Mr. Cote is not alleging that these construction projects were not "improvements to real property"; nor is he alleging that this statute does not apply to builders and contractors such as E. Turgeon and Gilbane.
[2] Mr. Cote has not argued that the claim was filed less than ten years after the projects on which he worked were substantially completed.