HAROLD JAY MILLIGAN vs. TIBBETTS ENGINEERING CORP. & another.[1]

Essex. December 6, 1983. — March 6, 1984.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

Negligence, Statute of repose, Engineer, Building contractor. Words, "Improvement to real property."

Design and construction of a road was work relating to "an improvement to real property" within the meaning of G. L. c. 260, § 2B, a statute placing a time limit on the tort liability of architects, engineers, and contractors. [366-368]

CIVIL ACTION commenced in the Superior Court Department on March 22, 1982.

Motions for summary judgment were heard by Bennett, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

The case was submitted on briefs.

Mario Misci & Joan C. Schmidt for the plaintiff.

Terrance J. Hamilton for Tibbetts Engineering Corp.

LYNCH, J. The question posed by this case is whether the construction of a dead-end road is an "improvement to real property," as that phrase is used in G. L. c. 260, § 2B.[2] We

---

[1] The city of Gloucester.

[2] General Laws c. 260, § 2B, as amended by St. 1973, c. 777, § 2, provides: "Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the performance or furnishing of such design, planning, construction or general administration."

conclude that it is, and that the plaintiff's claim against the defendant is therefore barred because it was brought more than six years after the completion of the construction project.

The plaintiff, Harold Jay Milligan, filed suit against the defendants Tibbetts Engineering Corp. (Tibbetts) and the city of Gloucester (city), alleging that the former negligently designed and the latter negligently maintained a public way (Kondolin Road)[3] in Gloucester. The city cross claimed against Tibbetts. After hearing, a judge in the Superior Court granted Tibbetts' motions to dismiss both Milligan's complaint and the city's cross claim.[4] A second judge in the Superior Court directed an entry of final judgment on the merits for Tibbetts on both the complaint and the cross claim. We transferred the Milligan appeal here on our own motion.

We summarize the facts as set forth in the pleadings.[5] On March 19, 1981, the tractor-trailer Milligan was driving collided with a stone wall at the end of Kondolin Road. Milligan was seriously injured. On March 22, 1982, he filed his complaint, alleging that lighting on the road was inadequate and that there were no warning traffic signs or signals. The complaint also alleged that Tibbetts failed to design Kondolin Road so that it could be used safely for its

---

[3] The name of this road is spelled "Kondelin" by Tibbetts.

[4] Since matters outside the pleadings were considered (exhibits which fixed the date of the completion of the Kondolin Road project), this motion was treated as one for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974). Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974).

[5] In its brief, Tibbetts correctly points out that the statement of facts in Milligan's brief does not comply with the requirement of Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979), that "[n]o statement of a fact of the case shall be made in any part of the brief without an appropriate and accurate record reference." It is true that Milligan's statement presents facts which are not found in the record appendix and makes inadequate reference to the appendix for facts that are supported therein. Had the defendant raised this issue in a motion to strike rather than in a footnote in its own brief, we would have been obliged to strike those portions which do not comply with Mass. R. A. P. 16 (e). *Boston Edison Co.* v. *Brookline Realty & Inv. Corp.*, 10 Mass. App. Ct. 63, 69 (1980). We do not condone Milligan's casual attitude toward the rules of appellate procedure; however, his failure to comply with rule 16 (e) does not affect the merits of his appeal, and we will disregard those facts which are unsupported in the record appendix.

intended purpose. The extension of the road was part of a larger engineering project at Cape Ann Industrial Park for which Tibbetts had been hired by the city in 1971. The city accepted the extension of Kondolin Road as having been completed and assumed full possession of it on October 31, 1973.

General Laws c. 260, § 2B, has been the subject of two recent decisions, one from this court and another from the Appeals Court. In *Klein v. Catalano*, 386 Mass. 701 (1982), this court decided that the time limit imposed by G. L. c. 260, § 2B, on the liability of architects and contractors for injuries which are caused by negligent design or construction is not unconstitutional.[6] In *Raffel v. Perley*, 14 Mass. App. Ct. 242 (1982), the Appeals Court held that an engineer's survey and plan dividing property into lots, where the plan was unrelated to any proposed topographical constructions or changes in the topography of the land, did not constitute an "improvement to real property." *Id.* at 243.

Milligan asserts that the term "improvement to real property" does not include public ways. The legislative history of G. L. c. 260, § 2B, does not indicate precisely what the Legislature meant the term to encompass. 1968 Sen. Doc. No. 1050, Report of the Legislative Research Council Relative to A Statute of Limitations for Malpractice Against Architects, Engineers and Surveyors. *Raffel v. Perley, supra,* is the only Massachusetts decision to have construed the term "improvement" as used in G. L. c. 260, § 2B. *Id.* at 243, 244. In another context, however, this court has said that "[t]he word 'improvements' is of broad signification." *Peters v. Stone*, 193 Mass. 179, 185 (1906). This court has

---

[6] This court pointed out that G. L. c. 260, § 2B, is not a statute of limitations, but a statute or repose. "A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. . . . A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action. The injury need not have occurred, much less have been discovered." *Klein v. Catalano, supra* at 702.

referred to the widening of one street and the laying out of another as an "improvement." *Quinn* v. *Springfield*, 233 Mass. 595, 598 (1919). This collection of references, although scant, shows that we are not precluded from holding that the Kondolin Road extension is an "improvement to real property" simply because in involves a road rather than a building or other structure.

Most States with similar statutes[7] have merely assumed that construction or engineering projects involving public ways are subject to whatever limitation on liability for negligence in construction or design of improvements to real property the statute provides.[8] In States where the issue has been specifically litigated, road construction has consistently been found to be an "improvement to real property." In *Richards* v. *Union Bldg. & Constr. Corp.*, 130 N.J. Super. 127, 129 (1974), the court said, "It is settled that road construction is an improvement to real property within the meaning of N.J.S.A. 2A:14-1.1."[9]

The only case to the contrary cited by Milligan is *Britt* v. *McClendon*, 213 Tenn. 232 (1963), which holds that a road is not an improvement unless it is built in connection with a building or structure. However, the issue in that case was how the term "improvement" should be interpreted in the context of a mechanic's lien statute. Furthermore, the Tennessee court admitted that its statute incorporates a substan-

---

[7] As of 1981, only six States did not have a statute similar to G. L. c. 260, § 2B. Note, Actions Arising out of Improvements to Real Property: Special Statutes of Limitations, 57 N.D.L. Rev. 43, 44 & n.5 (1981).

[8] See, e.g., *O'Brien* v. *Hazelet & Erdal*, 410 Mich. 1 (1980) (design and construction of interstate highway is an "improvement to real property" as used in Mich. Comp. Laws 600.5839(1)[1967]); *Terry* v. *New Mexico State Highway Comm'n*, 98 N.M. 119 (1982) (design and construction of highway is a "physical improvement to real property." N.M. Stat. Ann. § 37-1-27 [1978]).

[9] See *Keeler* v. *Pennsylvania Dept. of Transp.*, 56 Pa. Commw. Ct. 236, 239 (1981) (construction of highway guardrails, lights, signs, and signals: "the road improvements . . . here are improvements to real property").

tially different definition of "improvement" from mechanic's lien statutes in other States. *Id.* at 236.[10]

We are obliged to construe the words of G. L. c. 260, § 2B, according to their "usual and natural meaning." *Klein* v. *Catalano*, 386 Mass. 701, 705 (1982). It seems clear from the wide range of the cases cited in this opinion that the usual and natural meaning of the word "improvement" includes road construction. Nor is it out of place to consider the definition of "improvement" found in Webster's Third New Int'l Dictionary 1138 (1971): "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs."[11] *Raffel* v. *Perley*, 14 Mass. App. Ct. 242, 245 (1982). This interpretation of "improvement" also conforms with the concerns expressed in the legislative history that the liability of engineers and contractors not be infinite in duration. See 1968 Sen. Doc. No. 1050, at 20-21. Whether the "improvement" involves a road or a building, long lapses in time between the date of completion, the date of injury and, finally, litigation will lead to the same problems of proof, i.e., incomplete or lost records, unavailable witnesses, and defective memories.

In conclusion, we find that the extension of Kondolin Road does constitute an "improvement to real property" as that term is used in G. L. c. 260, § 2B. Therefore, because Milligan did not file his claim until nine years after Tibbetts had completed its work, his claim is barred.

*Judgment affirmed.*

[10] See, e.g., *W.L. Dev. Corp.* v. *Trifort Realty, Inc.*, 44 N.Y.2d 489 (1978) (street and curb construction was "improvement" as understood in mechanic's lien statute). Roadwork has also been construed as an "improvement" for the purpose of a local special assessment. *Edina* v. *Joseph*, 264 Minn. 84 (1962).

[11] One court has explicitly stated that it will interpret a similar Wisconsin statute in accordance with this definition. See *Kallas Millwork Corp.* v. *Square D Co.*, 66 Wis. 2d 382, 386 (1975). Others have used it as a guide. See, e.g., *Mora-San Miguel Elec. Coop.* v. *Hicks & Ragland Consulting & Eng'g Co.*, 93 N.M. 175, 177 (1979).