Rup, J.
The plaintiff brought this action against the owners and the installer of an in-ground swimming pool into which the plaintiff dove, injuring himself. The pool’s installer now moves for summary judgment, which I allow for the following reasons.
BACKGROUND
Lakeside Swimming Pool & Supply Company (Lakeside) sells and installs above-ground and in-ground swimming pools. Lakeside’s president, Frank D’Andrea, has installed pools since 1973. He has no degrees in mechanical, safety, or human factors engineering. Lakeside’s policy and practice in pool construction at all relevant times was to (1) consult with the particular homeowner regarding the location of the septic system and electrical utilities, and (2) evaluate the pool site’s topography in order to avoid water run off problems.
In May 1980, Lakeside constructed an in-ground swimming pool for the defendants, Ronald and Carolyn Cole, at the Coles’ residence in East Brookfield. The pool had concrete walls, a soft sand bottom, and a vinyl liner. There were no labels indicating the pool’s depth, and no warning signs on or around the pool.
Upon completion of the pool, Lakeside issued to the Coles a Limited Guarantee, which provided:
Concrete Walls. [Lakeside] guarantees the concrete walls by it installed to be free from defect in material and workmanship for a period of ten (10) years from the date of installation under conditions of normal and reasonable use. [Lakeside] agrees at its option to replace or repair any defective concrete walls, subject to the abovestated conditions.
SUBJECT TO THE FOLLOWING CONDITIONS: No warranty or guarantee, express or implied, which exists with respect to [Lakeside], except as above set forth and described and no representative or agent attributed to [Lakeside] shall be deemed to possess any authority to make any representation, promise or agreement, binding upon [Lakeside] except as hereinabove specifically noted and defined.
Over the course of the afternoon and evening of August 5, 1989, the plaintiff, Michael Bean (Bean), consumed at least eleven beers in various locations. At approximately 1:30 a.m., while at the Coles’ residence as a guest of Chris Cole, the daughter of Carolyn and Ronald Cole, Bean removed his shirt and shoes and dove into the pool. His head struck the bottom of the pool and he broke his neck.
On October 14, 1992, Bean filed this action against the Coles under negligence and nuisance theories (Counts IVI). Bean brought a claim against Lakeside for negligence (Count VIII) alleging negligence in the design, manufacture, assembly, installation, distribution and/or sale of the Coles’ pool, which Bean claims lacked adequate lighting, depth markers, and warning signs. He also claims Lakeside breached the express ten-year warranty against defects in materials and workmanship (Count VII).[2]
Lakeside moves for summary judgment contending the Massachusetts Statute of Repose, G.L.c. 260, §2B, bars the plaintiffs negligence claim, and the ten-year warranty does not apply to this case.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 1617 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Accord, Kourouvacilis v. GeneralMotors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material *110 fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of undisputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. The Negligence Claim (Count VIII)
General Laws, Chapter 260, §2B limits the time period within which tort claims may be brought against professionals involved in improvements to real estate. See Klein v. Catalano, 386 Mass. 701 (1982). In pertinent part, the statute provides that:
Acüon[s] of tort for damages arising out of any deficiency or neglect in the design, planning, construction, or general administration of an improvement to real property, other than that of a public agency . . . shall be commenced only within three years next after the cause of action accrues, provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner .. .
The plaintiff filed his complaint more than six years after Lakeside constructed the Coles’ pool. Therefore, G.L.c. 260, §2B bars his negligence claim against Lakeside if the Coles’ pool is an improvement to real property and if Lakeside falls within the class of professionals protected by the statute.
A. Improvement to Real Property
Chapter 260, §2B does not define “improvement,” Raffel v. Perley, 14 Mass.App.Ct. 242, 243 (1982), and its legislative history does not indicate precisely what the Legislature intended the term to encompass. Milligan v. Tibbetts Engineering Corp., 391 Mass. 364, 366 (1984). Nevertheless, in construing the statute, the Supreme Judicial Court has noted that “(t]he word ‘improvement’ is of broad signification,” id., and interpreted according to its “usual and natural meaning.” Id. at 368, quoting Klein v. Catalano, 386 Mass. at 705.
Massachusetts courts have relied upon the definition of “improvement" in Webster’s Third New Int’l Dictionary 1138 (1971), as “a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” See Conley v. Scott Products, Inc., 401 Mass. 645, 647 (1988); Dighton v. Federal Pacific Electric Co.; Sert, Jackson & Associates, Inc., 399 Mass. 687, 697 (1987), cert. denied, 108 S.CL 345; Milligan, 391 Mass. at 364, 368 (road extension is an improvement to real property); Raffel, 14 Mass.App.Ct. at 245 (survey and plan dividing property into lots, unrelated to any proposed construction or changes in the land’s topography is not design or planning of an “improvement to real property”). See also see Anthony’s Pier Four v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818, 823, n.8 (1986) (mooring system is an improvement to real property where it enhanced the capital value of owner’s adjacent restaurant, and where Legislature intended to protect this type of engineering and design activities). In that same vein, the courts have held that items such as bleachers, insulation, and aluminum siding are improvements to real properly within the meaning of G.L.c. 260, §2B. See McDonough, 412 Mass. at 642 (bleachers); Conley, 401 Mass. at 647 (insulation); Salinsky v. PermaHome Corp., 15 Mass.App.Ct. 193, 199 (1983) (aluminum siding).
Clearly, the Coles’ in-ground swimming pool is a permanent addition to or betterment of their real property and designed to make it more useful or valuable and, therefore an “improvement to real property” within the meaning of G.L.c. 260, §2B.
B. Protected Professionals
The statute protects those professionals who render particularized services for the design and construction of particular improvements to particular pieces of real property. Dighton, 399 Mass, at 696. The statute does not protect those who merely supply standardized products and lack individual expertise in the business of designing, planning, constructing, and administering improvements to real estate. Id.; McDonough, 412 Mass. at 642 (the defendant an installer, constructor and seller of bleachers, was protected by §2B).
Lakeside does more than just sell and supply swimming pools. Here, Lakeside designed and constructed the Coles’ pool according to the Coles’ specifications, the topography of their property, and the location of the septic system and electrical utilities. Because it performs such particularized services for the design and construction of swimming pools, and is not a mass producer or supplier of goods, it is a protected professional under G.L.c. 260, §2B.
Because Lakeside is a protected professional and installation of the Coles’ pool constitutes an improvement to real properly, the plaintiffs negligence claim is subject to the six-year statute of repose under G.L.c. 260, §2B and therefore is time-barred.
II. Express Warranty Claim (Count VII)
Lakeside also moves for summary judgment on the plaintiffs claim for breach of express warranty, arguing the warranty does not cover the deficiencies alleged by the plaintiff.[3]
Lakeside’s express warranty covers defects in materials and workmanship in the concrete walls of the pool. The plaintiff has put forth facts demonstrating Lakeside assembled and installed the pool with inadequate lighting and a lack of warnings and depth markers; however, it has failed to establish any connection between those deficiencies and Lakeside’s warranty of the pool’s concrete walls. There being no genuine issue of material fact as to Count VII of the plaintiffs complaint, summary judgment is appropriate.
*111 ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Lakeside Swimming Pool & Supply Company’s motion for summary judgment be ALLOWED as to Counts VII and VIII of the plaintiffs complaint.

In his complaint, Bean claims Lakeside breached an express and/or implied warranty. Nevertheless, in his opposition to summary judgment he does not argue his implied warranty claim survives the defendant’s motion. See Klein v. Catalano, 386 Mass. 701, 71820 (1982).

Lakeside does not argue in its motion for summary judgment that G.L.c. 260, §2B bars the express warranty claim, which is a contract action. See Anthony’s Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass, at 823 (G.L.c. 260, §2B did not apply to an express warranty claim, where the defendant promised that a mooring system would be sufficient to keep boat permanently moored). Chapter 260, §2B does bar implied warranty claims where the elements of breach of the implied warranty and negligence claims are the same. Id.