Volterra, J.
Plaintiffs, Trustees of Canterbury Heights Manor Condominium Trust, brought this civil action for breach of an insurance contract and violations of G.L.c. 176D and G.L.c. 93A against defendant, Public Service Mutual Insurance Company. The plaintiffs moved for summary judgment on both claims arguing that there is no genuine issue of material fact and that they are entitled to judgment as a matter law. The defendant brought a cross-motion for summary judgment on both claims arguing that there is no genuine issue of material fact and that they are entitled to judgment as a matter law.
The plaintiffs allege that the defendant, in order to secure an unfairly low settlement of a property damage claim, engaged in a pattern of unfair practices including the denial of a property damage claim involving damage to walls, ceilings, and floors within individual units of the Canterbury Heights Manor Condominium. The defendant alleges that the disputed claim is not covered by the insurance policy. For the reasons discussed below, plaintiffs’ motion is allowed in part and denied in part, and defendant’s cross-motion is allowed in part and denied in part.
DISCUSSION
On March 13, 1993, a storm tore open a section of the roof of the Canterbury Heights Manor Condominium. Snow and rain entered the building causing damage to walls, ceilings, and floors both within and without the individually owned units. The defendant denied coverage for certain wall, ceiling, and floor coverings claiming these items constituted improvements. The insurance agreement only covers damage to individually owned units to tire extent that the condominium’s by-laws require such coverage. The by-laws state that the Trustees shall obtain insurance covering the individually owned units excluding coverage for improvements unless such improvements are made with written approval of tire Trustees.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cessesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716(1991). “If the moving part establishes the absence of a triable issue, the party opposing the motion must respond and.allege specific facts establishing the existence of material fact in order to defeat the motion.” Pederson, supra, 404 Mass. at 17.
There are no triable issues with respect to material facts. The cases have adopted the ordinary dictionary meaning of the word “improvement” which is defined as “a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make property more useful or valuable as distinguished from ordinary repairs.” Milligan v. Tibbetts Engineering Corp., 391 Mass. 364, 368 (1984). Under this definition, the wall, floor, and ceiling coverings at issue in this case are not permanent additions enhancing the capital value of the property. I conclude that these items are more analogous to repairs and should be covered by the insurance policy.
Under G.L.c. 176D, §3(9), the plaintiffs allege that the defendant engaged in conduct deemed unfair or deceptive practices by “(flailing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear,” and “(c]ompell-ing insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts recovered in actions brought by such insureds.” G.L.c. 176D, §§3(9)(fl-(g). Further, the plaintiffs allege that defendant failed “to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.” G.L.c. 176D, §3(9)(n).
I further conclude that the defendant did not violate G.L.c. 93A. There is nothing to suggest that any single act of the defendant was the part of a pattern of unfair settlement practices and not an isolated act with respect to failing to effectuate prompt payment. See G.L.c. 176D, §3(9)(fl; Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 676 (1983). Additionally, there is insufficient evidence in the affidavits to support violations of G.L.c. 176D, §§3(9)(g),(n).
ORDER
For the foregoing reasons, plaintiffs’ motion for summary judgment is ALLOWED with respect to the breach of contract claim and DENIED with respect to the G.L.c. 93A claim. Defendant’s cross-motion for summary judgment is DENIED with respect to the breach of contract claim and ALLOWED with respect to the G.L.c. 93A claim.