Bohn, J.
This action by the plaintiffs, Fouad H. Saleib (Saleib) and Angel Grais (Grais), arises out of an accident which took place on September 14, 1991 at the defendant Hyannis Travel Inn (Inn). Saleib was swimming in the pool owned by the Inn. He claims that he was injured when he slipped on the pool deck and fell while walking from the pool to the jacuzzi, which was adjacent to the pool. Saleib has sought damages against the Inn, defendant Armand Fournier (Fourn-ier), and Sierra Stone, Inc. (Sierra) for negligence in *508 the maintenance, installation and construction of the floor on which he slipped and fell.
Saleib further alleges breach of express and implied warranties against Sierra and Fournier. Saleib’s spouse, Grais, claims loss of consortium as a result of the injuries suffered by her husband.
Sierra requests that this court enter summary judgment on its behalf on all counts asserted against it. According to Sierra, all claims are time barred under G.L.c. 260, §2B. For the following reasons, Sierra’s motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
On September 14, 1991, Saleib was allegedly injured while walking from the pool area towards the jacuzzi located on property owned and controlled by the Inn. Saleib contends that his fall was the result of the deck in the pool area being extremely slippery due to puddles on its surface.
The deck where the incident occurred was installed by Sierra during February, 1988. All work on the floor was completed during that month. Sierra’s work consisted solely of the installation of the jacuzzi and pool area flooring at the Inn.
After completing the installation of the floor in February, 1988, no further work was performed on the floor area of the Inn by Sierra prior to the disputed incident.
The Inn allegedly contracted with Sierra to resurface the existing cement floor around its pool as the result of representations made by Sierra’s agents and contained in Sierra’s written brochure distributed to the Inn. The procedure used by Sierra to resurface the cement floor involved minor preparations to the cement surface and the consequent application of a protective coating to the floor. According to Sierra’s written brochure, the application of the resurface material would “eliminat[e] standing water (no puddles).”
This action was originally filed against Hyannis Travel Inn on March 23, 1994 and later amended to include Sierra on July 25, 1995. Sierra seeks summary judgment by arguing that all claims against it are time barred under the statute of repose, which disallows actions against parties rendering an improvement to real property commenced more than six years following the improvement. In response, the plaintiffs argue that the resurfacing of the floor was not an improvement but rather a repair; and, even if the resurfacing constitutes an improvement, not all claims are barred by the statute of repose.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.R 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, the moving party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific acts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Applicability of G.L.c. 260, §2B
Whether the statute of repose applies to Sierra’s resurfacing of the pool area floor is a question of law. Snow v. Harnischfeger Corp., 12 F.3d 1154, 1158 (1st Cir. 1993). The parties agree as to the essential characteristics of the resurfacing materials and process. There is an established legal standard defining improvements for purposes of G.L.c. 260, §2B, as well as case law establishing when the definition should be applied. See Milligan v. Tibbetts Engineering Corp., 391 Mass. 364 (1984); Dighton v. Federal Pacific Elec. Co., 399 Mass. 687 (1987). Neither party suggests any disputed facts that would in any way preclude the court from applying the legal standard.
The central argument put forward by the plaintiffs in challenging Sierra’s motion for summary judgment is that the resurfacing of the pool area was not an improvement to real property. The phrase “improvement to real property” means a “permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” Conley v. Scotts Products, Inc., 410 Mass. 645, 647 (1988). The court finds that the resurfacing of the pool area floor constitutes an improvement to real property. This is consistent with the holdings in cases dealing with the same issue. See Conley, supra (installation of foam insulation); Salinsky v. Perma-Home Corp., 15 Mass.App.Ct. 193 (1983) (installation of aluminum siding); Marino v. Town of Andover, Civ. No. 92-1147, 3 Mass. L. Rptr. 27 (Essex County Sept. 14, 1994) (installation of carpeting over cement floor of auditorium). The fact that the resurfacing material merely “covers up” the cement floor in the pool area *509 does not make Sierra’s work any less of an improvement to the area. Sierra’s work resulted in the change of the nature of the floor in a relatively permanent fashion. Therefore, G.L.c. 260, §2B is applicable to the complaint filed by the plaintiffs against Sierra.
II. Actions in Tort
The statute of repose will bar any actions in tort brought by the plaintiffs against Sierra for its work in resurfacing the pool area floor. G.L.c. 260, §2B. Neither parly disputes the fact that the complaint was filed more than six years after Sierra completed its work resurfacing the pool area floor. Judgment is properly entered on Sierra’s behalf on Counts V and XIII of the plaintiffs’ complaint.
III. Breach of Warranties
A. Breach of Implied Warranty
Plaintiffs appear to concede that G.L.c. 260, §2B prohibits claims for breach of implied warranty. The statute of repose is clearly applicable here where the elements of the claim for breach of implied warranties are identical to the elements for the actions in tort. Klein v. Catalano, 386 Mass. 701, 719 (1982); Anthony’s Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc., 396 Mass. 818, 823 (1986). Thus, Sierra’s motion for summary judgment is to be allowed with respect to Counts VII, VIII, XV, and XVI of the plaintiffs’ complaint.
B. Breach of Express Warranty
Plaintiffs are correct in their contention that G.L.c. 260, §2B does not apply to actions alleging breach of an express warranty. Anthony’s Pier Four, supra at 822. Saleib need not be in privity with Sierra in order to maintain his express warranty claim so long as he was a person whom Sierra “might reasonably have expected to use, consume or be affected by the goods!,]” in this case the resurfaced pool area floor. G.L.c. 106, §2-318. The finder of fact could determine that Saleib was a foreseeable user of the pool area, and possibly find Sierra breached an express warranty in its installation of the resurfacing material. The finder of fact may also ascertain that Grais, as Saleib’s spouse, was also a foreseeable person who might be affected by Sierra’s warranted actions. See Fernandes v. Union Bookbinding Co., 400 Mass. 27, 39 (1987). A motion for summary judgment is not the proper forum through which to determine these issues. Therefore, summary judgment is denied with respect to Counts VI and XIV of the plaintiffs’ complaint.
ORDER
For the foregoing reasons, the motion for summary judgment of defendant Sierra Stone, Inc. is ALLOWED as to Counts V, VII, VIII, XIII, XV, and XVI and DENIED as to Counts VI and XIV of the complaint of plaintiffs Fouad H. Saleib and Angel Grais.