Garsh, J.
Plaintiff Richard Pereira (“Pereira"), a minor, ppa Manuel Pereira, has commenced this action against Rheem Manufacturing Co. (“Rheem”) and Richard Nunes (“Nunes”) for injuries caused by a hot water heater manufactured by Rheem and installed by Nunes. The Complaint alleges, inter alia, that Rheem and Nunes negligently designed, assembled, and sold the hot water heater (Count II), that Rheem and Nunes sold a defective and unreasonably dangerous hot water heater (Count III), and that Nunes negligently purchased and installed the hot water heater (Count IV).
Nunes moves for summary judgment on the grounds that plaintiffs claims against him are barred by G.L.c. 260, §2B, the statute of repose that applies to tort actions arising from improvements to real property. For the following reasons, Nunes’s Motion for Summary Judgment is DENIED.
FACTUAL BACKGROUND
Pereira resides at a six-apartment dwelling in New Bedford, Massachusetts. There are approximately six hot water heaters in the basement of the residence. Pereira alleges that on May 5, 1990, while in the basement of the dwelling, he was injured by the discharge of hot water from a plastic drain valve at the base of a hot water heater manufactured by Rheem and installed by Nunes.
Nunes installed the subject hot water heater on November 25, 1986. At that time, he cut off two pipes, removed a previously installed, leaking hot water tank, and connected a new tank to the pipes. No maintenance was performed on the new hot water tank before the accident. Plaintiff initiated the present lawsuit on January 4, 1995.
DISCUSSION
Tort actions arising out of “the design, planning, construction or general administration of an improvement to real property” must be commenced within three years after the cause of action accrues. G.L.c. 260, §2B. However, no such action maybe commenced *478 “more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.” Id. Thus, the statute imposes an absolute restriction on the time within which such an action may be commenced regardless of when the injury occurred. Klein v. Catalano, 386 Mass. 701, 702 (1982).
It is uncontested that the plaintiff filed this action against Nunes more than six years after the hot water heater was either “opened to use” or “substantially completed.” The only issue is whether the work Nunes performed constitutes an “improvement to real property.”[2] The plaintiff argues that replacement of a leaking hot water tank with a new hot water tank is an ordinary repair that falls outside the ambit of “improvement to real property.”
The statute does not define the word “improvement,” and the legislative history does not shed any light on the intended scope of the phrase “improvement to real property.” Milligan v. Tibbetts Engineering Corp., 391 Mass. 364, 366 (1984). These words, accordingly, are interpreted according to their “usual and natural meaning.” Id. at 368. “Improvement” has been construed as meaning “a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 111 (1990), quoting Webster’s Third New Int’l Dictionary (1971) (emphasis added) (holding that the installation of an electrical distribution panel, which was a permanent addition and served to make the facility productive as a power generating plant, is an “improvement”).
The defendant’s position that a replacement is fundamentally different from and outside the scope of an “ordinary repair” is unpersuasive. “The word ‘repair’ contemplates an existing structure or thing which has become imperfect, and means to supply in the original existing structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be.” Black’s Law Dictionary (6th ed. 1990). In Finn v. McNeil, 23 Mass.App.Ct. 367 (1987), the court drew upon how the word “improvement” has been construed in a variety of contexts, including the statute of repose, in interpreting the phrase “capital improvements” in a contract. The court defined that phrase as “betterments of a long lasting nature which add to the capital value of the property.” Id. at 373. The court pointed out that in statutes, such as G.L.c. 40 App., §1-7, pertaining to rent control boards, “improvement” is distinguished from “ordinary repair, replacement and maintenance.” Id. at 372.
Other jurisdictions construe “improvement,” as used in a statue of repose, not to include either ordinary repairs or replacements. E.g., Rose v. Fox Pool Corp., 643 A.2d 906, 918 (Md. 1994) (quoting Black’s Law Dictionary (6th Ed. 1990) for its definition of “improvement” as a “valuable addition made to property ... or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor and capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes”) (emphasis added); Hartford Fire Insurance Co. v. Westinghouse Electric Corp., 450 N.W.2d 183, 186 (Minn.App. 1990) (the replacement of a seal on the blower fan portion of a generator “constituted an ordinary repair merely restoring, not increasing, the value and utility of the generator improvement”); Cross v. Ainsworth Seed Co., 557 N.E.2d 906, 914 (Ill.App.4 Dist. 1990) (holding that the conveyor system at issue in that case was an improvement, but noting that it was installed when the building was constructed and was not “a repair or replacement of an existing conveyor system”). When the work performed is “intended not to enhance the assumed value of the property, but to restore the [property] to [its] original... state,” such work is an ordinary repair and not an “improvement to real property.” Pinnacle Port Community Ass’n, Inc. v. Orenstein, 952 F.2d 375, 378 (11th Cir. 1992).
What Nunes did was to restore the hot water heating system for the dwelling place to its original state. There is nothing in the record to indicate that he did anything more than remove one of six hot water tanks because it was leaking and replace it with a new hot water tank, an apparently routine, normally recurring repair. There is no evidence that any additional functions were added with the replacement tank or that the intent was to enhance the value or utility of the property beyond restoring the hot water heating system to its original condition. In sum, because Nunes has not demonstrated that replacement of the leaking hot water tank with a new hot water tank was an “improvement of real property,” he is not entitled to summary judgment on the grounds that the statute of repose operates to bar the bringing of this action against him.
ORDER
For the reasons set forth above, it is hereby ORDERED that defendant Richard Nunes’s Motion for Summary Judgment be DENIED.

Plaintiff does not dispute that Nunes is a member of the class of actors intended to be protected by G.L.c. 260, §2B. That statute was intended to protect such persons as architects, engineers, and contractors who provide “ ‘individual expertise’ in the business of designing, planning, constructing, and administering improvements to real estate.” Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 696 (1987).