Grabau, J.
Plaintiff, Felipe Toro, III (Toro) and his parents brought this action against defendants, A&A Window Products, Inc. (A&A) and Lowell Housing Authority (LHA) after he fell from a second story window of a budding LHA owned and severely injured himself. A&A sold and installed the window from which plaintiff feE. Plaintiffs now claim that A&A is Hable to them on theories of: negHgence, loss of consortium, breach of impUed warranties of fitness and merchantibiUty, and violation of G.L.c. 93A. Defendant A&A now moves for summary judgment on all counts against it pursuant to Mass.R.Civ.P. 56. For the reasons set forth below, A&A’s Motion for Summary Judgment is ALLOWED.

BACKGROUND

The undisputed material facts as established by the summary judgment record are as follows. On October 13, 1982, the LHA contracted with A&A for the sale and installation of aluminum replacement windows for every building in its Julien Steele Family Housing Complex in Lowell, Massachusetts (the housing complex). A&A completed the window replacement project in the housing complex by October 18, 1983 and LHA made final payment to A&A on December 15, 1983.
In July of 1993, Plaintiffs moved into an apartment within the housing complex. On September 11, 1994, Toro, who was then three years old, fell from the second-story window of his apartment. As a result of the fall, Toro sustained serious injuries.

DISCUSSION

Summaryjudgment is appropriate where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm'r of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1959). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the nonmoving party’s case, or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party estabfishes the absence of a triable issue, the party opposing the motion may respond and aHege specific facts estabUshing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. “Whether a defendant’s activities faH within the statute [of repose] is a question of law.” Snow v. Hamischfeger Corp., 12 F.3d 1154, 1160 (1st Cir. 1993), cert. denied, 513 U.S. 808 (1994); See also McDonough v. Marr Scaffolding Co., 412 Mass. 636 (1992).
In this case, the defendant contends that the plaintiffs’ suit is barred by the statute of repose, G.L.c. 260, §2B. General Laws c. 260, §2B limits the time period within which tort claims may be brought against professionals involved in improvements to real estate. See Klein v. Catalano, 386 Mass. 701, 710 (1982). In pertinent part, G.L.c. 260, §2B provides that:
Action! s] of tort for damages arising out of any deficiency or neglect in the design, planning, construction, or general administration of an improvement to real property, other than that of a public agency . . ., shall be commenced only within three years next after the cause of action accrues, provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.
*508 A&A asserts that the statute bars plaintiffs’ claims because the statute applies to the facts of this case and plaintiffs commenced this action more than six years after it completed the window replacement project at the housing complex.[4] Plaintiffs retort that the statute of repose does not apply to the facts of this case because A&A merely made an ordinary repair, rather than an improvement to real property as contemplated by the statute.
I. Applicability of G.L.c. 260, §2B
In order for the defendant’s actions to fall within the statute of repose, the defendant must be a protected actor within the statute, and the defendant’s actions must result in an “improvement to real property.” See Snow, 12 F.3d at 1161. In this case, the parties do not contest that A&A is a protected actor within the statute. The plaintiffs, however, contend that A&A’s actions did not result in an improvement to real property.
An improvement to real property is a “(p)ermanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs .’’ Dighton v. Federal Pac. Elec. Co., 399 Mass. 687, 697 n.12 (1987), quoting Webster’s Third New International Dictionary 1138 (1971); Conley v. Scott Products, Inc., 401 Mass. 645, 647 (1988) (citations omitted). Massachusetts courts have determined what constitutes an improvement to real property in a myriad of circumstances. See generally, McDonough, 412 Mass. at 636 (bleachers at a skating rink); Parent v. Stone & Webster Eng’g Corp., 408 Mass. 108 (1990) (high voltage distribution panel); Conley, 401 Mass. at 645 (foam insulation); Dighton, 399 Mass. at 687 (circuit breaker panel); Anthony’s Pier Four, Inc. v. Crandall Dry Dock Eng’rs. Inc., 396 Mass. 818 (1986) (cradle and mooring system); Milligan v. Tibbetts Eng’g Corp., 391 Mass. 364 (1984) (extension of public road); Salinsky v. Perma-Home Corp., 15 Mass.App.Ct. 193 (1983), rev. denied 388 Mass. 1101 (1983) (aluminum siding); Snow, 12 F.3d 1154 (overhead cranes); Cf. Pereira v. Rheem Mfg. Co., 5 Mass. L. Rptr. 477 (Mass. Super. 1996) (Garsh, J.) (replacement of one of six hot water tanks is an ordinary repair).
I find that the installation of replacement windows throughout the housing complex constitutes an "improvement to real property” under G.L.c. 260, §2B because the replacement of the windows is a permanent betterment that enhances the capital value of the housing complex which involves the expenditure of labor and money and is designed to make the property more valuable. See Finn v. McNeil, 23 Mass.App.Ct. 367, 373 (1987) (noting that installation of new windows is a capital improvement).[5]
II. Scope of G.L.c. 260, §2B Actions in Tort
The statute of repose bars all actions in tort connected to the improvement in real property filed more than six years after completion of the improvement. G.L.c. 260, §2B; McDonough, 412 Mass. at 636. Because the parties do not dispute that A&A is a protected actor within the statute and I find that A&A’s action resulted in an improvement to real property, the statute of repose will bar plaintiffs’ negligence and loss of consortium claims against A&A if plaintiffs filed the action more than six years after A&A completed installation of the replacement windows at the housing complex. Neither party contests that plaintiffs filed this action against A&A more than six years after A&A’s completion of the window replacement. Thus, A&A is entitled to summary judgment on Count IV and V.
Breach of Implied Warranties and Violation of G.L.c. 93A
The statute of repose applies to a breach of implied warranties claim where the elements of the claim are identical to the elements for the actions in tort. See Klein, 386 Mass. at 719. “A plaintiff may not, of course, escape the consequences of a statute of repose or statute of limitations on tort actions merely by labeling the claim as contractual. The court must look to the ‘gist of the action.’ ” Anthony's Pier Four, Inc., 396 Mass. at 832, quoting Hendrickson v. Sears, 365 Mass. 83, 85 (1974).
Here, plaintiffs’ claims for breach of implied warranties and violation of G.L.c. 93A arise from the allegations that defendant negligently installed the windows in the housing complex. The record does not suggest, and the plaintiffs have not produced any evidence to indicate that this cause of action arose out of something other than the alleged negligent installation. I find that the gist of this action is the alleged negligence of the defendant in its conduct during the installation of the replacement windows throughout the housing complex, not any unfair or deceptive trade practice. Thus, the statute of repose bars plaintiffs’ breach of implied warranties and violation of G.L.c. 93A claims and “(t]o hold otherwise would frustrate the purpose behind G.L.c. 260, §2B.” Klein, 386 Mass. at 719-20. Accordingly, A&A’s motion for summary judgment is allowed with respect to Counts III and VI.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant A&A’s Motion for Summary Judgment be ALLOWED on Counts III, IV, V and VI.

Because I find that the statute of repose bars plaintiffs’ action, I do not reach defendant’s other arguments in support of its motion for summary judgment.

The record before me indicates that A&A replaced approximately 2700 windows in the housing complex. The total contract price was $602,027.00.