Grabau, J.
Plaintiff, Felipe Toro, III, and his parents (“the Plaintiffs”), brought this action against the Defendants, A&A Window Products, Inc. (“A&A”), and the Lowell Housing Authority (“LHA") after he fell from a second-story window.
The undisputed evidence of record indicates that in July 1993, the Plaintiffs moved into an apartment within LHA’s Julien Steele Family Housing Complex in Lowell. On October 13, 1982, LHA contracted with A&A for the purchase and installation of aluminum replacement windows for every building in the Housing Complex. A&A completed the window replacement project in the housing complex by October 18, 1983. LHA made final payment to A&A for the purchase and installation of the aluminum replacement windows on December 15, 1983.
The Plaintiff claimed that A&A was liable on theories of: negligence, loss of consortium, breach of implied warranties of fitness and merchantability, and violation of G.L.c. 93A. A&A moved for summary judgment, and on November 22, 2000,1 allowed summary judgment in favor of A&A on all counts. 12 Mass. L. Rptr. 507. A&A now moves for separate and final judgment pursuant to Mass.R.Civ.P. 54(b).[4] No opposition has been filed in connection with the instant motion. Furthermore, the only claims pending at this time are between the Plaintiffs and LHA.
FINDING OF FACT AND RULINGS OF LAW
The Appeals Court in J.B.L. Construction Co., Inc. v. Lincoln Homes Corp., 9 Mass.App.Ct. 250, 252 n.4 (1980), held that a motion judge should consider several factors in exercising its discretion to allow a separate, final judgment. The Court characterized the following language as an excellent discussion of the factors which should be considered by a judge in exercising his discretion under rule 54(b). Id.:
*83 In reviewing 54(b) certifications, other courts have considered the following factors, inter alia: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.
Allis-Chalmers Corporation v. Philadelphia Electric Company, 521 F.2d 360, 364 (1975) (footnoted in citations omitted). In the instant case, the relevant factors weigh heavily in favor of a separate, final judgment.
I find that the judgment A&A now seeks will encompass all the claims brought by the Plaintiffs against it. I further find and certify that there is no just reason for delay for the entry of final and separate judgment. No opposition has been filed by the Plaintiffs.

ORDER FOR SEPARATE AND FINAL JUDGMENT

For the foregoing reasons, it is hereby ORDERED that A&A Window Inc.’s Motion for Entry of Separate, Final Judgment pursuant to Rule 54(b) be ALLOWED and that separate, final judgment be entered.

 Mass.R.Civ.P 54(b) provides in relevant part:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.