Kaplan, Mitchell H., J.
This case is before the court on the defendant, Lorusso Corp.’s (Lorusso), motion to dismiss the plaintiffs sixth amended complaint (complaint). In this most recent edition of its complaint Verizon New England Inc. (Verizon) asserts a single claim against Lorusso: Lorusso’s negligence caused damage to Verizon’s underground equipment. Lorusso has filed a motion to dismiss on the grounds that the claim asserted against it is barred by the statute of repose, G.L.c. 260, §2B. Although Lorusso has filed its motion pursuant to Mass.R.Civ.P. 12(b)(6), because it refers to matters outside the complaint, it must be treated as a motion for summary judgment. See Mass.R.Civ.P. 12(b). However, the few discreet, additional facts upon which Lorusso relies are clearly undisputed. For the reasons set forth below, the motion is ALLOWED.
FACTS
In January 2000, Lorusso entered into a contract with the Massachusetts Highway Department entitled “Roadway Reconstruction including Signals on a Section of East Street” (the East Street Project). Lorusso also entered into a subcontract with Highway Technologies to perform certain of the work required under this prime contract, in particular the construction of street signs. All of Lorusso’s (and Highway Technologies’) work was completed by September 17, 2002.[2] On or about July 28, 2005, Verizon discovered that a pole for a sign erected under the East Street Project had struck and damaged its underground cable and conduit near the intersection of East and Sprague Streets in Dedham.
On March 6, 2008, Verizon filed suit against Ded-ham. Through discoveiy it learned of Lorusso’s and Highway Technologies’ roles in the East Street Project. On June 18, 2009, it moved to amend its complaint to add Lorusso Construction Corp. as a defendant; its motion was allowed on June 25, 2009. Verizon apparently later determined that this was either the wrong entity or the wrong name, as, on July 31,2009, it again moved to amend; this time to name Lorusso Corp. as a defendant.[3]
In its complaint, Verizon alleges that Highway Technologies negligently installed the street sign that damaged its cable and conduit and Lorusso “negligently supervised work of its subcontractor Highway Technologies and such negligence was a proximate cause of the damage to [its] underground equipment.”[4] Count I of the complaint asserts a claim against Lorruso for negligence and seeks to recover for the damage to Verizon’s underground equipment.
DISCUSSION
Lorusso has moved to dismiss Verizon’s negligence claim on the ground that it is barred by the statute of repose, G.L.c. 260, §2B.[5] The statute of repose “precludes recovery against those within the protection of the statute for any injury which occurs more than six years after the performance or furnishing of the design, planning, construction, or general administration of an improvement to real property. Simply put, after six years, the statute completely eliminates a cause of action against certain persons in the construction industry.” Klein v. Catalano, 386 Mass. 701, 702 (1982).
“§2B defines the protected actor largely by reference to protected acts.” Dighton v. Federal Pacific Electric Company, 399 Mass. 687, 694 (1987). In order to come under the protective umbrella provided by §2B, the defendant must satisfy two requirements: (1) the acts alleged to have caused injury must have been performed in connection with improvements to real estate; and (2) the actors must be the kind “who perform acts of ‘individual *388 expertise’, akin to those commonly thought to be performed by architects and contractors — that is to say, to parties who render particularized services for the design and construction of particular improvements to particularpieces of real property.” Id. at 696 (where court distinguishes protected actors from materialmen who supply manufactured products for use in improvements to real property). With respect to the first point, in Milligan v. Tibbetts Engineering Corp., 391 Mass. 364, 368 (1984), the Supreme Judicial Court expressly held that “the usual and natural meaning of the word ‘improvement’ includes road construction . . . Whether the ‘improvement’ involves a road or a building, long lapses in time between the date of completion, the date of injury and finality, litigation, will lead to the same problems of proof, i.e., incomplete or lost records, unavailable witnesses, and defective memories.”
Turning to the facts alleged in the complaint in this case, it is clear that the claim asserted by Verizon against Lorusso falls within those protected by the statute of repose. First, Lorusso’s construction project was an improvement to real property. Lorusso’s contract with the Massachusetts Highway Division called for “Roadway Reconstruction including Signals on a Section of East Street.” Road construction, which includes installation of lights, signs, and signals, constitutes improvements to real property. See Milligan, 391 Mass, at 368. With respect to whether the work performed by Lorusso involved “individual expertise,” a review of the facts alleged against Lorusso answers that question. Verizon alleges that Lorusso is liable to it because it “negligently supervised work of its subcontractor.” The acts of a general contractor in supervising the work of a subcontractor on a roadway construction project clearly involve planning, construction and/or general administration of an improvement to real estate and, therefore, “individual expertise.” See Dighton, 399 Mass at 695.
The only remaining question is whether Lorusso’s work on the East Street Project was completed more than six years before this action was “commenced” against it. While, as noted above, the complaint does not allege the date Lorusso’s work was completed, Verizon does not contest the fact that completion occurred on or about September 17, 2002.[6] Even if we treat June 18, 2009, the date Verizon filed its motion to amend to add Lorusso Construction Corp. as a defendant, as the date on which the claim against Lorusso commenced, the six-year period during which Verizon could have brought suit expired some nine months earlier.
Finally, Verizon suggests that the doctrine of “relation back” might save its otherwise untimely claim because this case was commenced against Dedham on March 6, 2008. See Mass.R.Civ.P. 15(c).[7] The “relation back” doctrine, however, does not save claims that have expired under a statute of repose: the “bar of the statute of repose is absolute.” James Ferrera & Sons v. Samuels, 21 Mass.App.Ct. 170, 173 (1985). To allow the relation back doctrine to trump a statute of repose “would have the effect of reactivating a cause of action that the Legislature obviously intended to eliminate.” Id.
ORDER
For the foregoing reasons, the defendant’s motion is ALLOWED. Final judgment shall enter dismissing Count I asserting a claim against Lorusso.

 Dedham was originally the sole defendant in this action. Discovery ensued, and the contract for the East Street Project was identified and its completion date established. These facts are not alleged in the complaint; however, Verizon raised no issue regarding them in its opposition to Lorusso’s motion and there is no dispute concerning them.

 On August 19, 2009, a stipulation of dismissal with respect to Dedham was filed. Verizon filed other amendments to the complaint addressing Highway Technologies, which apparently had once operated under the name Liddell Bros., Inc. These amendments are not relevant to any issue raised by Lorusso’s motion to dismiss.

 Verizon also alleges that “Lorusso contractually agreed to give notice of it (sic) or Highway Technologies [sic] intent to excavate in the area of Verizon’s damage. As a result of negligence on Lorusso’s part, it either failed to give the required Dig Safe notice or failed to provide the proper notification of its intent to excavate.” The purpose of this allegation is unclear, as the contract to which it makes reference is not identified in the complaint and, more notably, the complaint does not assert that Verizon is a third-party beneficiary of some contract to which Lorusso is a party or a claim for breach of contract against Lorusso, or any other party.

 “Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction, or general administration of an improvement to real property . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier dates of: (1) the opening of the improvement to use; (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.”

 As noted above, Verizon’s opposition raised no issue regarding this date, and its counsel conceded at oral argument that if the statute of repose applied to the claim, the six-year period provided by §2B expired before the amended complaint was filed.

 “Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.”