McIntyre, Frances A., J.
Motion to Dismiss under Rule 12(b)(6): Papers: 10 and 13
Donna Hicks brings an action on behalf of the estate of her deceased son Brian. Tragically, he was killed when his body collided with the railings alongside the northbound tunnel from Logan Airport. This section of roadway is the Ramp ST-S connector, connecting the Sumner Tunnel to Storrow Drive.
Plaintiff brings claims of wrongful death, gross negligence and for pain and suffering against Bechtel, B/P B, and Parson Brinkerhoff and the McCourt, Obayashi and the joint venture defendants. She claims each was negligent in the design, construction, installation and maintenance of the subject railing which allegedly caused the death of her son. Also, she brings claims of breach of warranty of merchantability against McCourt and Obayashi.
All three Bechtel defendants and the three McCourt and Obayashi defendants bring motions to dismiss stating that this cause of action was placed in suit outside of the applicable statute of repose.[1] The motions are ALLOWED.
DISCUSSION
M.G.L.c. 260, §2B is set forth in the margin; it applies to actions in tort for damages. All of the plaintiffs claims against these defendants sound in tort, even the breach of warranty counts. See Commonwealth v. Johnson Insulation, 425 Mass. 650, 653 (1997) (breach of an implied warranty provides a cause of action in tort where the harm is a physical injury to person or property).
The statute has been interpreted to apply to roadways, which are seen as improvements to real property. Under §2B, “the usual and natural meaning of the word ‘improvement’ includes road construction.” Milligan v. Tibbetts Engineering Corp., 391 Mass. 364, 368 (1984). The statute can be triggered by the opening of an improvement to public use. Defendants ask me to take judicial notice of the date on which Ramp ST-S connector was opened.
Construction of the Central Artery tunnel and subsidiary and feeder roads consumed time, energy, and space in downtown Boston for decades, but it concluded within recent memory with much notorieiy. Defendants present me with newspaper articles of the opening ceremonies. I am assisted, of course, by a recognition that the opening of the roadways associated with the Big Dig were large-scale public events which affected transportation for every driver on the east coast of Massachusetts.[2] Under these circumstances, it is reasonable to take judicial notice of widely-known facts when considering a motion to dismiss under Mass.R.Civ.P. 12(b)(6), and such may be done without converting the motion to one for summary judgment. Jackson v. Longcope, 394 Mass. 377, 581 (1985).
Plaintiff opposes, saying that the court is confined in deciding a motion under Rule 12(b)(6) to the four corners of the complaint. An examination of the artfully-drawn complaint fails to reveal the date of death of Mr. Hicks or the date of completion of the roadway upon which he met his death. The case was filed on May 9, 2011. Of course, the date of death is not the operative date; the statute of repose looks to the filing of the action. Plaintiffs case cannot be saved on the ground that the date of the opening is not in the complaint.
It is well recognized that any consideration of documents not attached to the complaint, or not expressly incorporated on a motion to dismiss may convert the motion into summary judgment under Rule 56. “However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs claim; or for documents sufficiently referred to in the complaint.” Watterson v. Page, 987 F.2d 1, 3-4 (1993). The date of filing is a public record.
Plaintiff also relies on his claim in paragraphs 13, 22, 31, 66, and 67 that the entities were responsible for maintenance of the railings. Considering the broad nature of the relief afforded for the entities involved in the design, planning, construction of public roadways, this court takes the view that maintenance falls within the “general administration of an improvement to real property.” M.G.L.c. 260, §2B.
Therefore, this court will take judicial notice of the widely-known fact that the Ramp ST-S connector was opened to public use on March 30, 2003. This case was filed more than six years later. Therefore, it falls outside the statute of repose and must be dismissed.
The result of application of the statute is harsh, indeed, but the legislative histoiy demonstrates the concerns that the liability of engineers and contractors not be infinite in duration. Id. “Whether the ‘improvement’ involves a road or a building, long lapses in time between the date of completion, the date of injury and finally, litigation, will lead to the same problems of proof, i.e., incomplete or lost records, unavailable witnesses, and defective memories.” Id. at 368.
All counts against BECHTEL CORP., PARSON BRINKERHOFF AMERICAS, BECHTEL/PARSON BRINCKERHOFF, THE MCCOURT CONSTRUCTION COMPANY, INC., OBAYASHI CORPORATION AND *194 MCCOURT/OBAYASHI, A JOINT VENTURE are DISMISSED.

Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction, or general administration of an improvement to real property of a public agency, as defined in said section thirty-nine A shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall actions be commenced more than six years after the earlier of the dates of: (1) official acceptance of the project by the public agency; (2) the opening of the real property to public use; (3) the acceptance by the contractor of a final estimate prepared by the public agency pursuant to chapter thirty, section thirty-nine G; or (4) substantial completion of the work and the taking possession for occupancy by the awarding authority.

The motions were served on plaintiff sometime in July 2011 and the motion heard in October. She presents nothing to dispute the opening date of the Ramp ST-S connector.